ANITA PETTENGILL ET AL. *v.* DENNIS PETTENGILL
(7449)

BORDEN, STOUGHTON and NORCOTT, Js.

Argued April 19—decision released June 6, 1989

*Geoffrey S. Brandner,* for the appellants (plaintiffs).

*Paul E. Pollock,* with whom, on the brief, was *Thomas P. Parrino,* for the appellee (defendant).

STOUGHTON, J. The plaintiffs appeal from a summary judgment rendered in favor of the defendant. We find no error.

The minor plaintiff brought this action by her stepmother against her father, alleging that she was injured through the negligence of the defendant. The child's stepmother joined the action as a plaintiff alleging that she had incurred medical and other expenses due to the negligence of her husband. The defendant denied that he was negligent and set up parental immunity as a special defense. After the pleadings had been closed, the defendant moved for summary judgment and his motion was granted. This appeal followed.

Summary judgment is appropriate once the pleadings have been closed if there is no genuine issue as to any material fact to be determined and if the moving party is entitled to judgment as a matter of law. Practice Book § 384.

The allegations of the complaint were assumed by the trial court to be true for the purposes of summary judgment. See *Yanow* v. *Teal Industries, Inc.*, 178 Conn. 262, 265, 422 A.2d 311 (1979). In their complaint, the plaintiffs alleged that while the defendant was mowing his lawn with a tractor mower, he placed the minor plaintiff on the housing of the mower or allowed her to be there, and that the child was injured when the defendant turned and caused her to fall off the machine. The plaintiffs claim that the defendant was negligent in allowing his daughter to ride on the mower when he knew or should have known that it was unsafe and dangerous to do so, in failing to control the mower, and in allowing his daughter to ride on the mower with nothing to keep her from falling off.

The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries

caused by the negligence of that parent. *Dubay* v. *Irish,* 207 Conn. 518, 523, 542 A.2d 711 (1988).

The plaintiffs urge this court to abrogate the parental immunity doctrine as a defense in this case, because the defendant employed a dangerous instrument and caused injury to his daughter by an act of malfeasance.

Our Supreme Court very recently has declined to abrogate the doctrine of parental immunity in cases involving allegations of parental discretion with regard to the care, supervision and instruction of a child based solely upon the existence of liability insurance, holding that courts should not unnecessarily involve themselves in the day-to-day exercise of parental discretion regarding the upbringing and care of children. *Dubay* v. *Irish,* supra, 527. It necessarily follows that the doctrine has continued validity in a case such as this one. It is not our function to overrule established Supreme Court precedent. *State* v. *Summerville,* 13 Conn. App. 175, 181, 535 A.2d 818 (1988). The result in this case is controlled by *Dubay* v. *Irish,* supra, and the reasoning and authorities cited therein.

There is no error.

In this opinion the other judges concurred.