[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: THIRD PARTY DEFENDANT'S MOTION TO STRIKE THIRD PARTY PLAINTIFF'S CLAIM FOR INDEMNIFICATION
This action involves the third-party defendant's motion to strike the third-party plaintiff's claims for indemnification, contribution and/or apportionment of damages, set forth in the third-party plaintiff's second amended complaint.
The underlying action is a suit for personal injury CT Page 5236 brought by the minor child Mattias Waddicor through his father, William Waddicor, and by his father individually.
 I
The plaintiffs filed a two-count complaint against the Bozrah Light and Power Co. (hereinafter "BLP") for personal injuries that Mattias Waddicor, a minor child, allegedly sustained by contact with hot water in a sink in his home. The plaintiffs allege in the complaint that the defendant BLP leased to the plaintiffs the water heater used in the house, and had the duty to maintain the controls of the heater and to maintain the water temperature at a reasonably safe level. The plaintiffs further allege that at the time of the minor plaintiff's injuries, the heater's controls were set at an unreasonably and dangerously high temperature. The plaintiffs seek damages for both the child's injuries and for medical expenses the father has incurred.
BLP moved to implead as a third-party defendant, the minor child's mother, Loretta Waddicor[1] which was granted by this court, Teller, J., and BLP then filed a second amended complaint against the mother, and in the first count, BLP alleges that:
 (1) She was negligent in the supervision of Mattias Waddicor;
 (2) Her negligence rather than any negligence attributable to BLP directly and proximately caused Mattias' injuries;
 (3) BLP had no reason to know or anticipate her negligence;
 (4) BLP has an independent legal relationship with her, to wit, lessor and lessee of a water heater.
In count two, BLP alleges that the mother's negligence rather than any negligence attributable to BLP directly and proximately caused Mattias' injuries and, therefore, she is proportionately liable for Mattias' injuries pursuant to General Statutes 52-572h. BLP seeks contribution, CT Page 5237 indemnification, and/or an apportionment of liability. The mother now moves to strike BLP's counterclaim in its entirety on the grounds that:
 (1) The third-party plaintiff's failure to allege a duty on the part of the third-party defendant is a fatal defect;
 (2) The doctrine of parental immunity bars all recovery from the third-party defendant on First and Second Counts of the Second Amended Complaint; and
 (3) The claim for contribution is premature.
BLP argues the Connecticut courts have carved out several exceptions to the doctrine of parental immunity. BLP further argues that its allegations of negligence are legally sufficient.
 II
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Practice Book 152; Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling upon a motion to strike, the court must take as admitted all well pled facts and construe them in a manner most favorable to the plaintiff. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). If a pleading contains the necessary elements of a cause of action, it will survive a motion to strike. D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218-19 (1987).
A. Claim for Apportionment.
BLP seeks apportionment from the third-party defendant who was brought into the suit by a motion to implead pursuant to General Statutes 52-102a. Apportionment is available only against parties brought into the suit by a motion to cite in pursuant to General Statutes 52-102. Howard v. Capellan, 2 Conn. L. Rptr. 68 (July 12, 1990, Maloney, J.). Therefore, insofar as BLP seeks apportionment in count two and in the prayer for relief of his counterclaim, the court must grant the motion to strike these CT Page 5238 claims.
Even if the third-party plaintiff BLP joins the mother under General Statutes 52-102, a claim of apportionment cannot be maintained against Waddicor because she is immune from liability pursuant to the doctrine of parental immunity. General Statutes 52-572h provides:
 In a negligence action to recover damages resulting from personal injury. . .occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages. . . .
Recovery is not available from Loretta Waddicor because, as the parent of the injured plaintiff, Mattias Waddicor, parental immunity bars such a claim. Despite widespread erosion, the doctrine of parental immunity has not been abrogated in Connecticut in cases of negligent parental supervision. Dubay v. Irish, 207 Conn. 518, 527,542 A.2d 711 (1988); Pettengill v. Pettengill, 18 Conn. App. 557,559, 559 A.2d 240 (1989); Brozdowski v. Southern Connecticut Gas Co., 7 Conn. L. Rptr. 237 (August 21, 1992, Katz, J.); White v. Men-Boz, Inc., 4 CSCR 623 (July 21, 1989, Schaller, J.). The mere allegation that an independent legal relationship exists between the mother and BLP, that of lessor-lessee of the hot water heater is insufficient, without more, to remove this case from the general rule.
As the third-party defendant Loretta Waddicor is the parent of the injured plaintiff, suit against her for negligent supervision is barred by the doctrine of parental immunity, and, therefore, she is immune from liability. Therefore, the third-party plaintiff cannot now seek apportionment from the third-party defendant, and this claim must fail.
B. Claim for Contribution.
The right to contribution does not attach until a CT Page 5239 final judgment has been rendered. Figuierdo v. Purity Supreme, Inc., 5 Conn. L. Rptr. 317 (December 5, 1991, Schaller, J.).
In the instant case, a final judgment against the defendant BLP has not entered. Therefore, BLP's claim for contribution from the third-party defendant, as set forth in the prayer for relief in the counterclaim, is legally insufficient. Accordingly, the court grants the third-party plaintiff's motion to strike BLP's claim for contribution.
B. Claim for Indemnification.
Generally, there is no right to indemnification between joint tortfeasors. Ferryman, supra. However, a claim of indemnification may exist:
 Where. . .one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong. . . .
Preferred Accident Ins. Co. v. Musante, Berman Steinberg Co., 133 Conn. 536, 543 (1965).
In the instant case, in count one BLP has not alleged that the third-party defendant was in exclusive control of the circumstances surrounding Mattias Waddicor's injuries. Therefore, count one of the BLP's complaint which sounds in indemnification is legally insufficient and the court must grant the third-party defendant's motion to strike this count.
CONCLUSION
Therefore, the court grants the third-party defendant's motion to strike BLP's third-party complaint in its entirety on the grounds that:
 1) BLP's claim for apportionment as set forth in count two and in the prayer for CT Page 5240 relief is inappropriate against a party joined to an action pursuant to General Statutes 52-102a, and who is also immune.
 2) BLP's claims for indemnification as set forth in count one and in the prayer for relief are legally insufficient.
 3) BLP's claim for contribution as set forth in the prayer for relief is premature.
Teller, J.