[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
While the parental immunity doctrine has been abrogated in certain situations, that is not the case in situations concerning negligent supervision. Pettengill v. Pettengill,18 Conn. App. 557, 559. There are many Superior Court decisions concerning the applicability of the parental immunity doctrine as it relates to a claim for apportionment of liability pursuant to § 52-572(h). There is a conflict of opinion. This court finds the better reasoned cases allow a defendant to seek apportionment of liabilty [liability] based on allegations that the parent's negligent supervision was the proximate cause of the minor plaintiff's injuries. SeeBrozdowsky v. Southern Connecticut Gas Co., 7 Conn. L. Rptr 240.
In addition, the third party defendants, William and CT Page 7528 Edna Gurge claim that the third party complaint should be stricken because it fails to state a claim upon which relief can be granted. This court rejects that premise. A defendant who seeks apportionment of liability pursuant to § 52-572(h) must file a document which contains allegations of negligence against the cited in defendant and that the negligence was a proximate cause of the plaintiff's injuries. The remedy sought by the defendant is an "apportionment of liability" based on the cited in parties' alleged negligence.
In making their last claim, the third party defendants move to strike the third party complaint because it fails to seek affirmative relief as required by Connecticut law. The defendant failed to cite any legal authority in support of this proposition. The remedy sought here is an apportionment of liabilty [liability] based on the alleged negligence of the minor plaintiff's parents.
LAWRENCE L. HAUSER, JUDGE