FRANK SACCAVINO *v.* MICHAEL GAMBARDELLA ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 86342
AT NEW HAVEN

Memorandum filed August 24, 1960

*Herman S. Bershtein,* of Hamden, for the plaintiff.

*Samuel H. Platcow* and *William J. Carrig,* both of New Haven, for the defendants.

TROLAND, J. This is an action for an accounting and judgment for the amount shown to be due.

On January 7, 1955, the plaintiff and the defendants entered into a written agreement for the purpose of securing to the defendants the benefit of "plaintiff's contacts and persons who knew techniques" for the training and education of the defendant Carl Gambardella, and "to develop said Carl Gambardella as a professional horse rider." The defendant Carl Gambardella then was a minor under the age of sixteen years, the son of the defendants Michael Gambardella and Emma Gambardella.

After the defendant Carl Gambardella had been "trained" at the plaintiff's expense, it was provided that the plaintiff be the sole and exclusive manager and agent of the said minor son, and when said minor son became able to earn compensation for professional riding or professional horse racing, then the compensation of the plaintiff was to be 25 per cent of the whole earnings of the said minor son, provided said earnings of the son shall be $100 or more a week. The agreement was to continue for six years during the minority of the son. It was also agreed that when the period of training ended, "if it is possible and beneficial to the interests of the son that his services be sold exclusively to an authorized horse racing stable," the plaintiff manager was authorized to negotiate for that purpose and to retain as his commission 25 per cent of the proceeds of the contract. In the contract, plaintiff is referred to as the "Manager."

In the amended complaint, it is alleged that the contract is "an indenture of apprenticeship and management, with the approval and consent of defendants Michael Gambardella and Emma Gambardella."

The minor defendant, Carl Gambardella, has demurred to the amended complaint. He claims that because he was fifteen years of age when the contract was executed, said contract is not enforceable against him. This objection is not well taken. The contract is not void, but may well be voidable. The law does not forbid an infant to contract but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not and whether executed or executory, excepting from the operation of the privilege only contracts for necessaries, contracts which he may be compelled in equity to execute and, in some cases, executed contracts, where he has enjoyed the benefit of them and cannot restore the other party to his original position. *Shutter* v. *Fudge,* 108 Conn. 528, 530; *Riley* v. *Mallory,* 33 Conn. 201, 206.

The factual situation will be of importance. The court cannot hold as a matter of law that the contract so made by a minor, as alleged herein, is void. The infancy of the defendant son should be pleaded as a defense if relied upon, rather than as a ground of demurrer. Practice Book § 102. Other grounds of demurrer attack the legality of the contract, claiming that it "involves horse racing which is not legal under the laws of Connecticut," and that it provides "for public and private exhibitions," alleged to be contrary to the laws of Connecticut. These objections are not well taken and are not supported by any authority.

It is also alleged that Connecticut does not recognize or enforce a so-called contract of apprenticeship entered into by a minor. Although contracts of apprenticeship as known to the common law seem to have fallen into disuse, our law still recognizes the status of an apprentice in several callings mentioned in the General Statutes. However described or called, this contract of the minor Carl is not void or

illegal on its face, or as a matter of law, and is binding or not, avoided or not, as the facts may ultimately be found by the trier of the cause.

For the above reasons, the demurrer of the defendant Carl Gambardella is overruled.