Edward J. Botelho *v.* Max R. Curtis et al.

Superior Court      Middlesex County      File No. 19943

Memorandum filed May 29, 1970

*Jacobs, Jacobs, Grudberg & Clifford,* of New Haven, for the plaintiff.

*Gordon, Muir & Fitzgerald,* of Hartford, for the named defendant.

*Robinson, Robinson & Cole,* of Hartford, for the defendant Orson Curtis.

*Valentino D. Clementino,* of Hartford, for the defendants Barbara A. DeVio and Mary F. Grover.

Palmer, J. This is an action to recover damages, including consequential damages, for personal injuries alleged to have been caused by the negligence

of the defendants. The writ designates the plaintiff as "a minor acting through his father and next friend, Edward C. Botelho." The father is not individually a party to the action.

The complaint as amended alleges that the plaintiff Edward J. Botelho was a passenger in a motor vehicle owned by the plaintiff's father, Edward C. Botelho, and operated by the defendant Max R. Curtis within the scope of his employment as agent, servant and employer of the defendant Orson Curtis, who "was engaged in the business of a garageman and repairman." It is further alleged that this vehicle collided with a "family car" owned by the defendant Mary F. Grover and operated by the defendant Barbara A. DeVio. It is further alleged that the collision was caused by the negligence of the respective drivers, the defendant Max R. Curtis and the defendant Barbara A. DeVio, and that the plaintiff was injured as a result of the collision, as a result of which he was forced to incur hospital and medical expenses.

On the other hand, the special defense set forth in the amended answer of the defendants DeVio and Grover paints a different factual situation. It alleges that the "plaintiff, Edward C. Botelho [the father] was guilty of negligence which [was] the proximate and/or concurring cause of the damages which the plaintiff [Edward J. Botelho] sustained, in that said [defendant] Max R. Curtis, acting as the agent, servant and/or employee of the plaintiff, Edward C. Botelho," committed specified acts of negligence. It will be recalled that the complaint alleged that the defendant Max R. Curtis was acting within the scope of his employment as agent for the defendant Orson Curtis.

It would appear, therefore, that upon the trial it will be a factual issue to be determined by the trier

whether the defendant driver, Max R. Curtis, was acting as the agent of the defendant Orson Curtis, as alleged in the complaint, or whether he was acting as the agent of Edward C. Botelho, as alleged in the special defense of contributory negligence. For the purpose of ruling on this demurrer, however, the allegations of the special defense are admitted and must be accepted as the facts. See Stephenson, Conn. Civ. Proc. § 94d.

The plaintiff has demurred for a number of reasons, but the only ground pursued in oral argument and the briefs is the plaintiff's claim that to the extent the special defense "pleads a defense to a cause of action by the parent of a minor plaintiff for consequential damages, it is no defense to the claim of the child for consequential damages in his own right." The parties appear to be in agreement that the precise issue is whether the vicarious negligence of the infant plaintiff's father as alleged in the special defense defeats the plaintiff's right to recover consequential damages.

The issue here is unnecessarily clouded because of the special defense's erroneous references to Edward C. Botelho, the father, as a "plaintiff." The writ clearly designates him as the "father and next friend" of the sole plaintiff in the action. A prochein ami is not the real party in an action which he may prosecute. Such a suit is conducted by him in the name of the infant whom he represents, and not in his own name. *Williams* v. *Cleaveland,* 76 Conn. 426, 431.

"The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant." 42 Am. Jur. 2d 152, Infants, § 161. "The next friend of an infant plaintiff cannot maintain a suit in his own name, but the

suit must be brought in the name of the infant. The process must run in the name of the infant by his next friend, and not in the name of the next friend acting for the infant." Id. § 162. Even though in this action the plaintiff's father is the plaintiff's next friend, he is acting solely in his capacity as next friend, and not in his capacity as father. "As a general rule, any person may serve as next friend of an infant plaintiff, whether he is related or not." Id. § 159. "The next friend . . . representing an infant plaintiff is regarded as an officer of the court especially appearing to look after the interests of the infant whom he represents." Id. § 161.

Under our law, the father qua father is neither a party nor a privy to an action brought by his child. *Shiels* v. *Audette,* 119 Conn. 75, 77. Thus, whether the plaintiff's father be regarded as father or as next friend, in neither capacity is he a party or a privy to this action. Indeed, acting solely as the father of the plaintiff, and not as his next friend, he would have no authority to commence or to prosecute this action in behalf of the plaintiff. He may only do so as next friend. *Tulin* v. *Tulin,* 124 Conn. 518, 522.

At common law, when a minor child is injured by reason of the negligent act of a third party, two causes of action arise, one in favor of the child to recover for injuries and the other in favor of the parent for consequential damages such as expenses incurred by reason of those injuries. The right of the parent to recover is independent of the right of the child. *Krause* v. *Aldor Homes,* 147 Conn. 333, 335; *Shiels* v. *Audette,* supra, 77. Nevertheless, in *Carangelo* v. *Nutmeg Farm, Inc.,* 115 Conn. 457, 461, it was held that an infant plaintiff's mother, the surviving parent, by bringing the action as the plaintiff's next friend waived or relinquished in his favor her own right to recover expenses for medical and

surgical treatment and hospital care, and that the infant plaintiff is entitled to those elements of damage. See also *Kenure* v. *Brainerd & Armstrong Co.,* 88 Conn. 265, 267.

Section 52-204 of the General Statutes, insofar as it applies to this action, provides that in any civil action arising out of personal injury as a result of which the "parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff" and that "a recovery by the plaintiff shall be a bar to any claim by such . . . parent." This statute clearly vests in a minor child the right to recover the expenses resulting from the personal injuries which the child sustained, even though the parent may be liable for such expenses, and it constitutes a modification of the common-law rule giving only the parent the right to recover consequential damages.

Whether it be considered that the parent has waived his common-law right to recover the medical and hospital expenses under the doctrine of *Carangelo* v. *Nutmeg Farm, Inc.,* supra, by bringing this action in favor of the minor plaintiff, or it be considered that § 52-204 vests the right to recover these expenses in the minor plaintiff, the exclusive right of the minor plaintiff in this action to recover them must be recognized and respected.

There remains to be considered only the question of whether the vicarious contributory or concurring negligence of the infant plaintiff's father may bar the infant's recovery for consequential damages. It has long been an established principle of the law of this state that a child injured by the negligence of another person is not barred of his remedy by the mere fact that the negligence of his parents contributed to produce the injury. *Daley* v. *Norwich &*

*W.R. Co.,* 26 Conn. 590, 597; see *Murphy* v. *Derby Street Ry. Co.,* 73 Conn. 249, 252; *Wilmot* v. *McPadden,* 78 Conn. 276, 284; *Simon* v. *Nelson,* 118 Conn. 154, 157.

As the infant plaintiff is entitled to recover for consequential damages, and as the negligence of his father is not imputable to him, the special defense is not a legal barrier to the maintenance of this action.

Accordingly, the demurrer is sustained for the foregoing reasons.