[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE FIRST SPECIAL DEFENSE
This is a nine-count action by a minor, Angel Diaz, against the landlord of an apartment house, and others, seeking personal damages for lead paint poisoning emanating from the walls of an apartment. In the ninth count, the mother, Jennifer Santiago, seeks damages in her individual capacity for expenditures made by her on behalf of the child.
Defendant Casey, the property owner filed an answer and three special defenses, the first alleging the comparative negligence of Santiago, the plaintiff mother.
Plaintiff Diaz moves to strike this first special CT Page 9238 defense on the ground that the comparative negligence of a parent is not a proper special defense to an action brought by a child since the comparative negligence of a mother may not be used to diminish the recovery of a child.
We note that the first special defense does not designate the count(s) to which it applies as required by Practice Book 165. However, since the motion to strike proceeds on the ground that the comparative negligence of the mother is not an appropriate special defense to the child's action against third parties, we treat the motion to strike the first special defense as it applies to counts one through eight only, and not the ninth count brought on behalf of the mother.
It is a well established principle of law that a child injured by the negligence of another person is not barred of his remedy by the mere fact that the negligence of his parents contributed to produce the injury. Benway v. Ruggerio, Superior Court judicial district of New Haven at New Haven, Docket No. 32 13 31, 2 (December 15, 1992, Maiocco, J.). quoting Bothelo v. Curtis, 28 Conn. Sup. 493,497, 267 A.2d 675 (Super.Ct. 1970); see also Daley v. Norwich W.R. Co., 26 Conn. 591, 597 (1858); Darling v. Peerless Insurance Company, 7 CSCR 1328, 1329
(October 23, 1992, Teller, J.), citing Simon v. Nelson, Conn. 154, 157, 170 A. 796 (1934). "As the negligence of the parent is not imputable to an injured minor, the special defense of contributory negligence of the parent is not a legal barrier to the maintenance of the minor child's action." Benway, supra, 2-3.
The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate nonetheless, that the plaintiff has no cause of action Practice Book 164; Grant v. Bassman,221 Conn. 465, 473 (1992). Since allegations of plaintiff Santiago's contributory negligence do not demonstrate that plaintiff Diaz has no cause of action, his motion to strike the first special defense as it applies to counts one through eight is granted.
Wagner, J. CT Page 9239