[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
This action is before the Court on defendant Caldor Inc.'s Motion to Strike paragraph 8 of the plaintiff's complaint.
On July 14, 1993, the plaintiff, Lisa Guglielmo, (Guglielmo) filed a one count negligence complaint on behalf of her minor child, Alyssa Guglielmo, against the defendant, Caldor, Inc. (Caldor). Guglielmo contends that she was shopping in Caldor on November 29, 1991, when Alyssa fell from a defective shopping cart and was injured. Paragraph 8 of the complaint reads as follows:
 "As a further result of said incident, the minor child suffered excruciating pain and discomfort and may suffer in the future as a result of this incident."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to CT Page 2385 state a claim upon which relief can be granted." NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214,618 A.2d 25 (1992). In determining the sufficiency of the pleading, "[the] trial court must take the facts to be those alleged in the complaint and cannot be aided by the assumption of any facts not therein alleged." (Internal quotation marks omitted.) LiljedahlBros., Inc. v. Grigsby, 215 Conn. 345, 348, 576 A.2d 149 (1990). "In reviewing the granting of a motion to strike, we take the facts alleged in the plaintiff's complaint and construe the complaint in the manner most favorable to the plaintiff."Westport Bank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490,495, 605 A.2d 682 (1992). "[It] does not [admit] however, legal conclusions or opinions stated in the complaint." Id.
Caldor moves to strike paragraph eight of the plaintiff's complaint on the ground that the minor child Alyssa is not a party to the action and that the complaint improperly seeks to state a cause of action for Alyssa's pain and discomfort. Caldor argues that since Alyssa is not a named party plaintiff, a cause of action cannot be asserted on her behalf.
Mother, Lisa Guglielmo, the named plaintiff, maintains that the complaint was commenced on behalf of daughter, Alyssa, and therefore paragraph eight properly seeks damages for pain and suffering experienced by the child.
Under our law, when negligence is alleged as the cause of injury to a minor child, that child has a cause of action to recover for the personal injuries suffered, including pain and suffering resulting therefrom. A cause of action exists, also, in the parent to recover for consequential damages, caused by the injury to the child. Shields v. Audette, 119 Conn. 75, 77,174 A. 323 (1934). In addition, section 52-204 of the General Statutes allows the minor child to recover directly for incidental expenses incurred by the parent.
In Connecticut, an action by a minor is properly brought by the minor as named plaintiff by his next friend. Tulin v. Tulin,124 Conn. 518 (1938). Indeed, "it is well established that a child may bring a civil action only by a guardian or next friend . . ." Orsi v. Senatore, 230 Conn. 459, 466 (1994). "The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant."Botelho v. Curtis, 28 Conn. Sup. 493, 495 (1970). "The next CT Page 2386 friend of an infant plaintiff cannot maintain a suit in his own name, but the suit must be brought in the name of the infant. The process must run in the name of the infant by his next friend, and not in the name of the next friend acting for the infant." Id.
As the complaint presently stands, the only named plaintiff is Lisa Guglielmo, Alyssa's mother and next friend. Clearly Lisa Guglielmo may seek recovery for consequential damages resulting from her daughter Alyssa's injuries. However, she cannot commence an action nor recover for Lisa's injuries and/or the pain and suffering resulting therefrom.
The civil summons names as plaintiff, Lisa Guglielmo ppa Alyssa Guglielmo.[3] The infant child is not a party.
Accordingly, the defendant's motion to strike paragraph 8 of the complaint is hereby granted.
SKOLNICK, J.