[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
On May 17, 1995, the plaintiff, Sandra Kim, through his mother, Siyeth Kol, as next friend, filed a revised complaint alleging injuries arising out of lead paint poisoning incurred during the period of time that the plaintiff and his mother occupied premises owned and controlled by the defendants, Joseph and Sabina Novella. The eight count revised complaint alleges that the defendants violated statutes by leasing the premises to the plaintiff's mother and that they failed to properly de-lead the premises (count one). The plaintiff further alleges continuing negligence on the part of the defendants (count two), and also alleges that the defendants have maintained a continuing, absolute nuisance (count three). In addition, the plaintiff alleges that the defendants' acts constitute an abnormally dangerous activity (count four), that the defendants violated an implied warranty of habitability (count four), and that the defendants failed to deliver quiet and peaceful possession and enjoyment of the premises to the plaintiff's mother and plaintiff (count six). Finally, the plaintiff claims that the defendants engaged in willful, wanton, or reckless conduct (count seven), and that the defendants' course or conduct constitutes a violation of the Connecticut Unfair Trade Practices Act (count eight).
The defendants filed an answer and six special defenses on July 25, 1995. The defendants' first special defense alleges that CT Page 1401-G "[i]f the minor plaintiff was injured and suffered the losses as alleged in her [sic] Complaint, then such injuries and losses were proximately caused by the negligence and carelessness of Siyeth Kol in that she failed to properly observe and supervise the minor plaintiff so as to control what the minor plaintiff put in her [sic] mouth, chewed on, or ingested; in that she failed to properly supervise and monitor the minor plaintiff and make use of their [sic] senses and faculties to take reasonable and proper precautions for the health and safety of the minor plaintiff; in that she failed to act as a reasonably prudent persons [sic] would act under the circumstances then and there existing." (Defendants' Answer, First Special Defense.)
On August 7, 1995, the plaintiff filed a motion to strike the first special defense on the grounds that (1) the first special defense improperly attempts to impute alleged parental negligence to defeat the claims of the minor plaintiff; (2) the doctrine of parental immunity bars the defendants' allegations of negligent parental supervision; (3) any alleged negligent acts or omissions of the minor child's mother can not as a matter of law be the proximate cause of the minor child's injuries; and (4) the defendants have not pleaded sufficient facts demonstrating the minor plaintiff's mother had actual or constructive notice of a hazard. As required by Practice Book § 155, the plaintiff filed a memorandum in support of his motion to strike, and the defendant filed a memorandum in opposition on November 6, 1995.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381,384, 650 A.2d 153 (1994). "The fundamental purpose of a special defense, like other pleadings, is to apprise the court and opposing counsel of the issues to be tried, so that basic issues are not concealed until the trial is underway." Bennett v.Automobile Ins. Co. of Hartford, 230 Conn. 795, 802, 646 A.2d 806
(1994). "As a general rule, facts must be pleaded as a special defense when they are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Id.
"A motion to strike is the proper manner in which to raise the issue of the legal sufficiency of a special defense to a cause of action." Passini v. Decker, 39 Conn. Sup. 20, 21,467 A.2d 442 (1983). "In . . . ruling on . . . [a] motion to strike, CT Page 1401-H the trial court . . . [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530,536, 606 A.2d 684 (1992).
A. IMPUTING PARENTAL NEGLIGENCE ON A MINOR CHILD'S CLAIM
The first ground of the plaintiff's motion to strike is that the defendants' first special defense improperly attempts to impute alleged parental negligence to defeat the claims of the minor plaintiff. The plaintiff argues that he is the only party to the claim and the defendants' attempt to impute his mother's negligence to defeat his claim is legally insufficient. The defendants contend that any negligent supervision of the plaintiff by his mother should be considered for apportionment of liability under Tort Reform II.
General Statutes § 52-572h(c) states: "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property occurring on or after October 1, 1987, if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable economic damages and the recoverable non-economic damages except as provided in subsection (g) of this section."
"It is clear from the language of the statute that the jury is entitled to attribute and divide the percentage of negligenceonly among parties to the action." (Emphasis added.) Bradford v.Herzig, 33 Conn. App. 714, 723, 638 A.2d 608, cert. denied,229 Conn. 920, 642 A.2d 1212 (1994). "[T]he negligence of a parent is considered (provided the parent is a party) when a trier determines the percentages of negligence . . . ." (Emphasis added.) Bueno v. Duva, Superior Court, Judicial District of Danbury, Docket No. 305195 (July 9, 1992, Fuller, J.,7 Conn. L. Rptr. 677, 679). Additionally, a defendant can only apportion liability with a parent who is a party to the child plaintiff's action through an individual action. Haims v. Omni FitnessEquipment Specialists, Superior Court, Judicial District of Danbury, Docket No. 308418 (March 22, 1993, Fuller, J.,8 Conn. L. Rptr. 374, 375).
The defendants rely on Barrett v. Scozzafava, Superior Court, CT Page 1401-I Judicial District of Waterbury, Docket No. 117972 (November 2, 1994, Sullivan, J., 12 Conn. L. Rptr. 657, 660), where the court found that even though a party was immune from liability, the party could be considered for apportionment purposes. In Barrett,
however, the party under consideration was already a party to the action. Id., 658. In Green v. Mancusi, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 0128849 S (January 18, 1994, Karazin, J., 9 CSCR 117), the court granted the motion to strike the defendant's special defense relating to the child's claim, which attempted to impute the parent's negligent supervision on the child. "As the negligence of a parent is not imputable to an injured minor, the special defense of contributory negligence of the parent is not a legal barrier to the maintenance of the minor child's action." Benway v.Ruggerio, Superior Court, Judicial District of New Haven at New Haven, Docket No. 321331 (December 15, 1992, Maiocco, J.).
"It is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented." (Internal quotation marks omitted.) Orsi v. Senatore, 230 Conn. 459,466-67, 645 A.2d 986 (1994). "The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant." (Internal quotation marks omitted.) Botelho v. Curtis, 28 Conn. Sup. 493, 495, 267 A.2d 675
(1970). "At common law, when a minor child is injured by reason of the negligent act of a third party, two causes of action arise, one in favor of the child to recover for injuries and the other in favor of the parent for consequential damages such as expenses incurred by reasons of those injuries. The right of the parent to recover is independent of the right of the child." Id., 496.
If the plaintiff's mother had brought an action, individually, the defendants could possibly apportion some liability to her relative to her claim only. The plaintiff's mother, however, brought this action as next friend and is not a party to this litigation. Accordingly, the plaintiff's mother, as identified in the complaint, cannot be apportioned liability, and therefore the plaintiff's motion to strike is granted.
Although the plaintiff's first ground is dispositive of the motion, the court will address the plaintiff's three remaining grounds CT Page 1401-J
B. PARENTAL IMMUNITY AND NEGLIGENT SUPERVISION
The second ground of the plaintiff's motion to strike is that "[t]he doctrine of parental immunity bars the [d]efendants' allegations of negligent parental supervision." The defendants argue that parental immunity is irrelevant to a claim of negligent supervision when the claim seeks to have the mother's negligence considered for apportionment purposes. The doctrine of parental immunity is not dispositive to the plaintiff's claim simply because it bars the defendants' special defense. The doctrine of parental immunity is more applicable when the parent's status in the litigation is at issue.
"The parental immunity doctrine bars an unemancipated minor from suing his or her parents for injuries caused by the negligence of that parent." Dubay v. Irish, 207 Conn. 518, 523,542 A.2d 1136 (1988). "[T]he doctrine of parental immunity is particularly applicable in the area of parental supervision and discretion with respect to the care and control of a minor child." Squeglia v. Squeglia, 234 Conn. 259, 269, 661 A.2d 1007
(1995). While there are circumstances where parental immunity is not a bar, there is no exception in the case of negligent supervision. Pettengill v. Pettengill, 18 Conn. App. 557, 559,559 A.2d 240, cert. denied, 212 Conn. 808, 563 A.2d 1355 (1989).
Whether parental immunity bars an apportionment of liability based on the negligence of a plaintiff's parent is properly decided in the context of a motion to strike. DiCicco v. WalgreenCo., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 0288517 (January 11, 1995, Ballen, J.). The issue of parental immunity, however, should arise when an attempt is made to add a parent as a party to the litigation. The defendants have not attempted to include the plaintiff's mother as a party to the action.
The proper vehicle for a defendant to make a person a party in the original action for the purpose of apportionment of damages, as provided for in General Statutes § 52-572h(c), is a motion to cite in pursuant to § 52-102. Mitchell v.Ensign-Bickford Haz-Pros, Inc., Superior Court, Judicial District of Waterbury, Docket No. 119742 (July 14, 1995, Sullivan, J.). Section 52-102(2) allows a party to add a person to a case if that person is necessary for a complete determination of an issue in the suit. Whether the plaintiff's mother is a necessary party CT Page 1401-K begs an irrelevant question because the last clause of the section mandates "no person who is immune from liability shall be made a defendant in the controversy." (Emphasis added.) General Statutes § 52-102(2). Additionally, § 52-572h(c) provides that "if the damages are determined to be proximately caused by the negligence of more than one party, each party against whomrecovery is allowed shall be liable to the claimant only for his proportionate share. . . ." (Emphasis added.) General Statutes § 52-572h(c). Reading § 52-102, together with §52-572h(c), it is clear that the plaintiff's mother, who is protected from suit by the doctrine of parental immunity, could not be made a party.
Other courts have similarly held that parents not already a party to an action cannot be joined as a defendant pursuant to General Statutes § 52-102. See, e.g., Franklin v. St. Luke'sCommunity Services, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 1169791 (March 30, 1995, Karazin, J., 14 Conn. L. Rptr. 29, 30-31) (the defendant's motion to join under § 52-102 was denied based on the statutory construction and logical interpretation of §§ 52-102 and52-572h); Waddicor v. Bozrah Light Power Company, Superior Court, Judicial District of New London at New London, Docket No. 523746 (June 28, 1993, Teller, J., 9 Conn. L. Rptr. 190) (the doctrine of parental immunity has not been abrogated in Connecticut in cases of negligent supervision); Courchesne v. Dickau Bus Co.Inc., Superior Court, Judicial District of Hartford, Docket No. 0527989 (March 8, 1995, Wagner, J., 14 Conn. L. Rptr. 130, 131) (when a parent's negligent supervision is alleged as a basis for apportionment the parental immunity doctrine prevents the parent from being added); Ortiz v. Douglas, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 515187 (April 27, 1993, Hennessey, J., 9 Conn. L. Rptr. 62) (the parent of the minor plaintiff may not be cited in because he is immune from liability as the parent of the minor plaintiff); Haims v.Omni Fitness Equipment Specialists, Superior Court, Judicial District of Danbury, Docket No. 308418 (March 22, 1993, Fuller, J., 8 Conn. L. Rptr. 374, 375) (§§ 52-102 and 52-572h must be construed together and when a child's parent is a non-party she cannot be joined as a defendant). See also Mitchell v. Ensign-BickfordHaz-Pros, Inc., Superior Court, Judicial District of Waterbury, Docket No. 119742 (July 14, 1995, Sullivan, J.) (denying a motion to cite in a plaintiff's parent because of the doctrine of parental immunity).
CT Page 1401-L
Even when courts have allowed the defendant to cite in a non-party parent of the plaintiff, the doctrine of parental immunity has surfaced as a future concern to the viability of the action. See DiCicco v. Walgreen Co., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 0288517 (January 11, 1995, Ballen, J.) (a motion to cite-in only serves to bring a new party into the case, and the issue of whether a legally sufficient claim can be asserted against the newly cited-in party must be resolved in the context of a subsequent motion to strike); Finleyv. Tortora, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 110630 S (February 6, 1991, Lewis, J.,3 Conn. L.Rptr. 214) (whether the third party complaint is legally insufficient due to parental immunity can be asserted by way of a motion to strike after the third party defendant is impleaded).
Accordingly, it is not the doctrine of parental immunity that bars the defendants' special defense, but the fact that the plaintiff's mother is not a party to the litigation. If the defendants followed the appropriate procedural steps to cite in the plaintiff's mother, however, their motion would fail. Parental immunity, therefore, does not bar the defendants' special defense because the parent is not a party to the litigation, but an attempt to make the plaintiff's mother a party would be barred by the doctrine of parental immunity.
C. PROXIMATE CAUSE
The third ground of the plaintiff's motion to strike is that "[a]ny alleged negligent acts or omissions of the minor child's mother can not as a matter of law be the proximate cause of the minor child's injuries." The defendants failed to brief this particular claim. As a matter of tort law, "a negligent defendant, whose conduct creates or increases the risk of a particular harm and is a substantial factor in causing that harm, is not relieved from liability by the intervention of another person, except where the harm is intentionally caused by the third person, and is not within the scope of risk created by the defendant's conduct." Doe v. Manheimer, 212 Conn. 748, 759,563 A.2d 699 (1989).
The defendants' special defense does not allege any facts that would demonstrate the plaintiff's mother intentionally caused her minor child injuries. Nor did the defendants offer any counter-argument. Therefore, any negligence by the plaintiff's CT Page 1401-M mother cannot be the legal cause of the plaintiff injuries in this case.
D. DUTY OF CARE AND NOTICE OF THE HAZARD
The fourth ground of the plaintiff's motion to strike is that the defendants "have not plead[ed] sufficient facts demonstrating the minor plaintiff's mother had actual or constructive notice of a hazard." The defendants counter briefly, that the lease agreement imposes a duty of care upon the plaintiff's mother as a tenant in possession. A legal duty of care "may arise from a contract, from a Statute or from circumstances under which a reasonable person knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Coburn v.Lenox Homes, Inc., 186 Conn. 370, 375, 441 A.2d 620 (1982).
Although the defendants argue that the issue of duty hinges not upon ownership, but possession and control of the premises, this argument is unavailing. Any duty imposed on the plaintiff's mother by the lease agreement would be diluted because the defendants were in the best position to know of any dangerous conditions. The defendants fail to allege that plaintiff's mother had knowledge of the dangerous conditions in the apartment. Therefore, the defendants' first special defense is legally insufficient because it fails to establish a clear duty of care by the parent and fails to allege sufficient facts to prove the plaintiff's mother violated that duty.
CONCLUSION
The plaintiff's motion to strike the defendants' first special defense is granted. The plaintiff's mother is not a party to this suit; therefore, her negligence, if any exists, cannot be imputed upon the plaintiff. Additionally, the plaintiff's mother cannot be made a party to this suit under the doctrine of parental immunity and the interpretation of General Statutes §§ 52-102 and 52-572h(c). Further, the special defense fails to allege sufficient facts to show proximate cause or the existence of a duty. The defendants' first special defense is not a legal bar to the plaintiff's cause of action and is stricken.
Stodolink, J. CT Page 1401-N