[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed October 10, 1996
This is an action in negligence by a minor child against two corporate defendants seeking damages for personal injuries claimed to have been sustained by the minor. The father Phillip Aguilar seeks, in a third count, damages for incurring expenses for hospital, medical, surgery, pharmaceutical and medical care and attention incurred on behalf of his daughter, the minor plaintiff.
This defendant sets forth a first Special Defense, claiming that the minor plaintiff was herself negligent. The plaintiff moves to strike this special defense on the basis that a four-year old child cannot be capable of negligence under any circumstances. The court has ruled on an identical motion by the co-defendant Prospect Developers, Inc., by memorandum this date. For the reasons set forth in that memorandum of decision in this case, the motion of the here moving defendant to strike the first special defense is denied.
The body of the second special defense alleges negligence by the plaintiff father and does not duplicate the claims of negligence of the minor plaintiff as set forth in the first special defense.
This second special defense and the motion to strike raises three issues. First, whether any negligence of the father can be utilized so as to diminish the recovery sought by the minor as against this defendant Midstate Developers, Inc., which is the first count of the complaint. CT Page 6338
 The parental immunity doctrine bars an unemancipated minor from suing his or her parent for injuries caused by the negligence of that parent.
Dubay v. Irish, 207 Conn. 518, 523 (1988).
The plaintiff alleges that she is a minor child. This defendant, in its special defense acknowledges the minority of the minor plaintiff and that Phillip Aguilar is "the minor plaintiff's parent."
General Statutes § 52-572h abrogated the common law rule of no contribution against joint tortfeasors and allowed apportionment of damages amongst joint tortfeasors. However such apportionment may take place only against "each party against whom recovery is allowed." General Statutes § 52-572h(c). The plaintiff father is not a "party" to the claims for recovery of the minor plaintiff, which is the first count of the complaint. The first count is brought through the father solely in his representative capacity. He does not and cannot seek damages for himself in that count. Nor is the father sued as a defendant by the minor plaintiff.
The plaintiff father is not a party against whom recovery is allowed to be sought. He is not a party against whom recovery can be allowed under the first count of the complaint. Public Act 95-111 specifically provides "(c) No person who is immune from liability shall be considered for apportionment purposes pursuant to § 52-572h of the general statutes."
The plaintiff father is not party to the minor's personal claim nor is he a party for apportionment nor is he a person who is able to be considered for apportionment.
The second possible interpretation of the second special defense is that the defendant is claiming that it is not responsible to the minor, in the first count, because the acts or omissions of the father was the sole and only cause of the minor plaintiff's injuries. This would merely be another way of the defendant denying that its negligence, if any, was a proximate cause of the injuries. The defendant has already denied negligence and proximate cause in its answer to paragraph 8 of the second count. The pleading of other potential causes of the injuries are unnecessary and inappropriate as the plaintiff has CT Page 6339 and retains the burden of proof as to negligence and proximate cause. The second special defense is stricken as to the first count of the complaint.
The second special defense also directs itself to the claims of plaintiff Phillip Aguilar for medical expenses — third count. It alleges negligence on his part, causing the injuries sustained by the minor and hence directs itself to his claims for reimbursement and damages for medical expenses.
There can be no question that a direct responsibility for the support of his children exists both at common law and by statute. See General Statutes § 46b-37. That responsibility includes the payment of medical bills. Nor is there any question that the parent has a cause of action against a tortfeasor for the costs and expense of providing that care for the minor child. SeeDzenutis v. Dzenutis, 200 Conn. 290, 308 (1986).
The third count of the complaint, the action by the father for the expenses of medical care and treatment for the minor, is of course an action in negligence. General Statutes § 52-572h(b) provides for a reduction in damages awarded by virtue of the negligence of the person seeking recovery. Hence the question posed by the motion to strike is whether negligence of the plaintiff's father can be pleaded as a defense to, or in mediation of his claim for damages for medical expenses incurred on behalf of his minor daughter.
The parties have not briefed this issue. However, the issue is placed squarely before the court by the motion to strike.
 When a minor child is injured by the negligent act of a third party two causes of action immediately spring into action; first the action by the child itself for the personal injuries inflicted upon it; and second a right of action to the parent for consequential damages, such as a loss of services and expenses caused by the injury to the child.
Dzenutis v. Dzenutis, supra, P. 308.
General Statutes § 52-204 has modified the common law exclusivity of the granting of the cause of action for consequential damages (now referred to under General Statutes § 52-572, tort reform, as economic damages) to only the CT Page 6340 parent.
 In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiff shall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant.
General Statutes § 52-204.
Two early Superior Court cases, each prior to Tort Reform I and II deal with the question of whether contributory negligence of the parent is applicable so as to defeat a claim for recovery of medical expenses, therein referred to as consequential damages. In each of the cases the child asserted the claim, as provided in General Statutes § 52-204 and its predecessor Sec. 1410e of the 1939 Supplement to General Statutes.
The first of the reported cases Petra PPA v. Radcliffe,7 Conn. Sup. 480 (1939), treats the action for medical bills brought by the minor as an assignment of the cause of action of the parent. The court states "The negligence of the parents, not being imputable to their son, is no defense to his cause of action, but is a bar to that cause which is based on the assignment." That case holds that the claim for what is now referred to as economic damages would be barred by the contributory negligence of the parent. That court relies on a Pennsylvania case in support of that proposition.
The second reported and much later case is Botelho v. Curtis,28 Conn. Sup. 493 (1970). This case reaches the precisely opposite conclusion.
 Whether it be considered that the parent has waived his common-law right to recover medical and hospital expenses . . . by bringing this action in favor of the minor plaintiff, or it be considered that § 52-204 vests the right to recover these expenses in the minor plaintiff, the exclusive right of the minor plaintiff in this action to recover them must CT Page 6341 be respected.
Botelho v. Curtis, supra, P. 497.
The decision proceeds to determine that the right to recover for consequential damages, as asserted by the minor, is not barred by the negligence of the father, citing a series of Connecticut Supreme Court cases, the most recent being Simon v.Nelson, 118 Conn. 154, 157 (1934).
 As the infant plaintiff is entitled to recover for consequential damages, and as the negligence of his father is not imputable to him, the special defense is not a legal barrier to the maintenance of this action.
Botelho v. Curtis, supra, P. 478.
This court is in complete agreement with the holding of the court in Botelho v. Curtis, supra. However, if the inquiry ends at that point, applied solely to the procedural facts of that case, it would appear to indicate that if the minor brings the action for the consequential damages, comparative negligence of the parent would not apply, but if the parent brings the action for consequential damages comparative negligence may apply. To infer such a proposition could only be described as a totally illogical choice of form over substance, and hence is rejected by this court.
General Statutes § 52-204 does not merely make the minor an assignee of a right to recover sums for which he had no obligation to pay under common law. It has always been recognized in this state that a minor has a direct personal obligation for contracts for necessaries. No argument can logically be advanced that medical care is not a "necessary."
 . . . the law does not forbid an infant to contract, "but gives him for his protection the privilege of avoiding contracts which are injurious to him and rescinding all others, whether fair or not, whether executed or executory . . . excepting from the operation of the privilege only contracts for necessaries. . ." Shutter v. Fudge, 108 Conn. 528, 530, 531 (1928).
Saccavino v. Gambardella, 22 Conn. Sup. 167, 169 (1960). CT Page 6342
In absolute reality, it is the minor to whom the medical services are rendered, not the parent. It is the pragmatic reality of life that the parent is liable for the medical bills, at law, not because the services are rendered to the parent, but because the parent is usually better able to pay for them than is the minor. The fact that the parent is an emotional beneficiary of the medical services rendered does not alter the fact that the services were rendered to the minor.
This court is of the opinion that General Statutes § 52-204
does not create a right in the minor that is totally oblivious to the minor's obligations under Common Law. It merely recognizes that right, and provides a procedural vehicle whereby the right to recompense can be enforced. Although the parent is given the right, at law, to protect himself from the obligation imposed upon him at law to pay for the bills of another, i.e. the minor, this does not change or alter the fact that it is the minor to whom the medical services are rendered and who, in reality, has a direct legal and equitable responsibility for the minor's own bills. The minor is entitled to protection from that exposure, less his own comparative negligence, regardless of whether the minor or the parent claims the expenses as damages arising out of this singular incident.
Hence this court sees no distinction between who brings the claim — the parent in his own name, or as guardian and next friend of the minor. Under either circumstances comparative negligence of the parent is not a defense to the claim for "consequential damages" — "economic damages" under General Statutes § 52-572h.
The court grants the motion to strike the second special defense as pertains to the third count of the complaint.
The defendant Midstate Developers, Inc. also files a counterclaim against the father Phillip Aguilar, claiming that the injuries sustained by the minor were caused by the negligence of the father Phillip Aguilar. This pleading is not specifically addressed to a particular count. Hence the court assumes the pleading is addressed to each count.
The pleading, as it is addressed to the first count, the minor's claim, is not viable. As aforesaid, the minor is not answerable for any negligence of the plaintiff father. CT Page 6343
The pleading, as it is addressed to the fourth count, the father's claim for medical expenses, is not viable. In circumstances which do not fall into the statutory rules applicable to apportionment of liability, the common law rule of non-contribution among joint tortfeasors would be applicable. At common law contribution was not allowed amongst joint tortfeasors. Hence the counterclaim, one alleged tortfeasor against another, is not applicable to this case. The counterclaim as pleaded, is inapplicable to this action.
For the reasons set forth herein the counterclaim and the second special defense of the defendant Midstate Developers, Inc. are stricken from this action.
SULLIVAN, L., J.