[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE #128
On May 4, 1995, Felicia Pierre Seabrook, a minor, was crossing an intersection in Bridgeport when she was allegedly CT Page 4544 struck by a bus owned by the defendant Greater Bridgeport Transit and operated by the defendant Helen Baker. On November 20, 1995, the minor's mother filed a one-count complaint based in negligence against the defendants. The plaintiff identified in the summons was "Seabrook, Ann PPA Felicia Pierre Seabrook." A revised complaint was filed by the plaintiff on April 16, 1996. On July 31, 1996, the defendant filed an answer and special defenses as well as a cross-claim[1] against the plaintiff. The cross-claim alleged that Ann Seabrook, the minor's natural mother, failed to properly supervise her daughter. On October 24, 1997, the plaintiff filed a motion to strike the defendants' cross-claim. The defendants filed an objection to the motion to strike on December 22, 1997. Short calendar argument was heard on January 12, 1998.
"A motion to strike tests the legal sufficiency of a pleading, including a cross-claim." Vahey v. Dodson, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 268414 (December 31, 1990, Nigro, J.) (3. CONN. L. RPTR. 73). See Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989).[2]
The defendants' cross-claim alleges that the mother of the injured child failed to properly supervise her child, and thus contributed to the minor's injuries. As such, the defendants seek indemnification and apportionment for any damages that are awarded for the injuries to the minor. The plaintiff moves to strike the cross-claim on the grounds that the plaintiff's mother is not a party to the action at hand and, moreover, that the parental immunity doctrine bars suits against parents for the negligent supervision of their children. The defendants argue that under the circumstances of the case, the plaintiff's mother is a party to the action. Also, the defendants contend that the parental immunity doctrine does not apply in this case and thus the defendants should be allowed to bring an apportionment claim against the third-party mother for her negligent supervision.
A. Whether the minor's mother is a party to the action.
The plaintiff first moves to strike the defendants' cross-claim on the grounds that the mother of the minor is not a party to the action and thus, under the majority of superior court decisions, not able to be cited in as a cross-claim defendant. The defendants argue that the mother is a party to the action and thus their cross-claim is valid and proper. CT Page 4545
In the present case, there is some confusion as to whether the parent is bringing suit in her individual capacity to recover consequential damages for the injuries suffered to the minor plaintiff. The summons identifies the plaintiff as "Seabrook, Ann PPA Felicia Pierre Seabrook." The majority of the complaint, however, refers to the injured minor as the plaintiff in the case.
The court finds the present case, that the actual plaintiff in the complaint is the mother, Ann Seabrook and not the injured minor, Felicia Seabrook. "The next friend of an infant plaintiff cannot maintain a suit in his own name, but the suit must be brought in the name of the infant. The process must run in the name of the infant by his next friend, and not in the name of the next friend acting for the infant." Botelho v.Curtis, 28 Conn. Sup. 493, 496, 267 A.2d 675 (1970). Where the summons names as plaintiff the mother ppa[3] the minor child, the infant child is not a party to the action. Guglielmo v. Caldor,Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 043816 (March 1995, Skolnick, J.). See alsoHayes v. Crehen, Superior Court, judicial district of Danbury, Docket No. 320486 (February 13, 1997, Moraghan, J.).
However, "[a]t common law, when a minor child is injured by reason of the negligent act of a third party, two causes of action arise, one in favor of the child to recover for injuries and the other in favor of the parent for consequential damages such as expenses incurred by reason of those injuries. The right of the parent to recover is independent of the right of the child." Botelho v. Curtis, supra, 28 Conn. Sup. 496. Thus, as in the present case, the mother of the injured child can properly bring an action to recover consequential damages she has suffered as a result of the injury to the minor child.
B. Doctrine of Parental Immunity
The plaintiff also moves to strike the defendants' cross claim on the ground that the doctrine of parental immunity bars any such claim even if the mother is a party to the action. The defendants argue that the alleged negligent supervision is outside the realm of the parental immunity doctrine and thus they are entitled to seek indemnification and apportionment of any damages they might have to pay. CT Page 4546
"The doctrine of parental immunity . . . forbid[s] to the minor child a right to appear in court in the assertion of a claim to civil redress for personal injuries suffered at the hands of the parent." (Citations omitted; internal quotation marks omitted.) Squeglia v. Squeglia, 234 Conn. 259, 263,661 A.2d 1007 (1995). The doctrine of parental immunity has been modified in certain aspects. The Supreme Court has on separate occasions stated that parental immunity "does not bar an action by an unemancipated child against a parent for injuries received because of: (1) the negligent conduct of a parent at a business enterprise located outside of the home . . . (2) the negligent operation of a motor vehicle, aircraft or waterborne vessel . . or (3) sexual abuse, sexual assault or sexual exploitation."Id.
Although there is a split among the Connecticut superior courts as to whether a third party can make a claim for indemnification against parents of a minor for negligent supervision when the minor would be barred by the doctrine of parental immunity from bringing a direct action, the majority of the cases decline to allow such a claim for indemnification. SeeSamuels v. Connecticut Ballet School, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 335728 (April 11, 1997, Melville, J.) and cases cited therein. But see Jennings v.Lang, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 308887, 14 CONN. L. RPTR. 101 (April 10, 1995, Ford, J.). Other superior courts have allowed the negligence of a parent who already is a party to the action to be considered when the trier determines the appropriate percentages of negligence. Bueno v. Duva, Superior Court, judicial district of Danbury, Docket No. 305195 (April 10, 1995, Fuller, J.); Haims v. Omni Fitness Equipment Specialists, Superior Court, judicial district of Danbury at Danbury, Docket No. 308418, 8 CONN. L. RPTR. 374 (March 22, 1993, Fuller, J.). It is submitted that the reasoning followed by the majority of the superior courts in not allowing counterclaims based on negligent supervision is more persuasive and thus the plaintiff's motion to strike the defendants' cross-claim should be granted.
The parental immunity doctrine see}s to "preserve the integrity and unity of the family and to avoid unnecessarily injecting `the machinery of the state' into the day-to-day exercise of parental discretion." Squeglia v. Squeglia, supra,234 Conn. 265. "The supervision, care and instruction of one's child involves issues of parental control, authority and CT Page 4547 discretion that are uniquely matters of a very personal type. . . . Allowing a cause of action for negligent supervision would enable others, ignorant of a case's peculiar familial distinctions and bereft of any standards, to second-guess a parent's management of family affairs. . . ." (Citations omitted; internal quotation marks omitted). Dubay v. Irish,207 Conn. 518, 527, 542 A.2d 711 (1988). To allow apportionment or indemnification, even if parents were parties to the suit, would defeat the purposes of the parental immunity doctrine. Ayala v. Meehan, Superior Court, judicial district of Windham at Putnam, Docket No. 049450, 20 CONN. L. RPTR. 25 (July 3, 1997, Lager, J.). "While the defendants may perceive this as leading to an inequitable result, it is not an irrational policy to choose to protect immune persons from involvement in litigation at the potential cost of some disproportionate liability." Id.
Accordingly, the plaintiff's motion to strike the defendants' cross-claim seeking apportionment of damages and indemnification is granted.[4]
SKOLNICK, J.