[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION: DEFENDANTS' MOTION TO STRIKE #156
CT Page 2370
Pending before this court is the defendants' motion to strike dated April 11, 2000, and the plaintiffs' corresponding objection dated July 5, 2000. The plaintiffs, Lori Mercede and Frank Mercede (the Mercedes), individually and in their representative capacities on behalf of their minor daughter, Jaclyn Mercede, brought suit against the defendants Marilyn Kessler, M.D., Long Ridge Women's Health Associates and Long Ridge Women's Health Care Associates, LLP, for personal injuries and damages allegedly sustained as a result of the defendants' negligent medical care of the minor plaintiff during the course of birth and delivery, which caused permanent brain damage with resulting cerebral palsy and permanent mental and physical handicaps. The operative complaint contains nine counts, and the defendants are moving to strike counts three, four and five of the plaintiffs' revised complaint dated March 13, 2000. These counts were brought by the Mercedes in their individual capacities for damages they have allegedly sustained as a result of the defendants' negligent medical treatment of their daughter.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted. . . . If the facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 1270-71,709 A.2d 558 (1998). "The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual AssuranceCo., 242 Conn. 375, 378, 698 A.2d 859 (1997).
The defendants are moving to strike count three on the ground that it is legally insufficient. In count three, the plaintiff parents seek recovery of monies they have expended and will expend for j"hospitalization, physicians' care, nursing care, physical, speech, vision and occupational therapy, medications and other medical and supportive care and attention resulting from Jaclyn Mercede's condition and will incur other extraordinary expenses for support, maintenance, care and treatment of their daughter, Jaclyn Mercede." (Revised Complaint, dated March 13, 2000, Count Three, ¶ 41, p. 20.). The defendants argue that the expenses for which the plaintiff parents seek recovery for in count three have already been claimed in count one, which the plaintiff parents brought on behalf of their daughter, and, therefore, Lori and Frank Mercede as parents are precluded from seeking additional recovery under General Statutes § 52-204. The defendants assert that count three is barred by General Statutes § 52-204, CT Page 2371 because the statute provides a cause of action for a minor plaintiff to recover expenses the child's parent incurs in lieu of the parent bringing a cause of action on the parent's behalf. The defendants, therefore, contend that under General Statutes § 52-204 the plaintiff parents have waived their right to sue for recovery of expenditures incurred on behalf of their child because in count one they brought an action to recover these same expenditures for the child as the child's next friend, and, accordingly, count three should be stricken.
In response to the foregoing, the Mercedes argue that count three should not be stricken because General Statutes § 52-204 bars claims by parents for expenses incurred due to a child's injuries only after an actual recovery by the child and that until the child recovers, the parents may bring a separate action or count within the child's action. The Mercedes further argue that their claims are not duplicative of their child's claim because they are seeking recovery for expenditures that they are legally required to make during their child's minority and that their child's claim is for expenditures that she will incur directly during her majority and for which her parents are not legally responsible.
General Statutes § 52-204 provides in pertinent part: "In any civil action arising out of personal injury or property damage, as a result of which personal injury or property damage the husband or parent of the plaintiff has made or will be compelled to make expenditures or has contracted indebtedness, the amount of such expenditures or indebtedness may be recovered by the plaintiff, provided a recovery by the plaintiffshall be a bar to any claim by such husband or parent, except in an action in which the husband or parent is a defendant." "When a minor child is injured by the negligent act of a third party, two causes of action immediately spring into existence; first, the right of action by the child itself for the personal injuries inflicted upon it; and second, a right of action to the parent for consequential damages, such as a loss of services and expenses, caused by injury to the child. Although General Statutes 52-204 authorizes the recovery of medical expenses in an action solely on behalf of the injured child and makes the recovery in such action a bar to any claim by the parent for incurring such expenses, the statute does not mandate that procedure." Dzenutis v.Dzenutis, 200 Conn. 290, 308, 512 A.2d 130 (1986).
"The right of the parent to recover is independent of the right of the child. . . . The parent is not regarded in law as either a party or privy to an action brought by a child. . . ." Krause v. Almor Homes, Inc.,147 Conn. 333, 335, 160 A.2d 753 (1960). The parents of an injured child, therefore, may bring a claim for expenses incurred as a result of their child's injury in a separate count, even though the child also CT Page 2372 brings a claim for injuries in the same action. Id., 335-36; Polio v.Derby Center CVS, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 372045 (September 6, 1996, Freedman, J.). "The defendant mischaracterizes the application of General Statutes §52-204. General Statutes § 52-204 bars double recovery; it does not limit the plaintiff's ability to plead her case. If, subsequent to the trial, the fact finder ultimately deems that damages are appropriately due, only then will § 52-204 limit the manner in which the damages can be awarded. If the damages are due, they can be awarded directly to the injured plaintiff . . . or they can be awarded directly to his mother, they will not be awarded to both. Thus, when and if the time arises that damages are to be calculated, the jury can be properly instructed pursuant to § 52-204." Burns v. Stauder, Superior Court, judicial district of Tolland at Rockville, Docket No. 70421 (October 13, 1999, Zarella, J.).
The defendants rely on Botelho v. Curtis, 28 Conn. Sup. 493, 497,267 A.2d 675 (1970), for the proposition that parents relinquish their common law rights to recover for damages incurred as "a result of a negligently injured child pursuant to General Statutes § 52-205 when they bring suit to recover damages on behalf of their child as parent and next friend. Yet, Botelho v. Curtis, supra, 28 Conn. Sup. 496-97, is distinguishable from the present case because that court held that only the child had a right to recover damages and that the child's parent was barred from any recovery, whether based on the child's claim under General Statutes § 52-205 or the parent's waiver of common law rights, because the parent brought suit in the name of the child alone as the child's parent and next friend and not as a party to the litigation. The Mercedes, however, brought suit in their individual capacities as well in a representative capacity on behalf of their child. This court also finds another case, Savona v. General Motor Corp., 640 F. Sup. 6
(D.Conn. 1985), relied on by the defendants to be unpersuasive, because that case deals with the right of a plaintiff parent to recover expenses incurred as a result of injury to an adult child, which Connecticut does not recognize as a cause of action. Accordingly, this court will not strike count three of the revised complaint because the parents of a negligently injured child may set forth their claims for expenses incurred as a result of the child's injuries when the child has not yet recovered for a claim brought on the child's behalf.
The defendants also move to strike count four on the ground that it is legally insufficient. In count four, the plaintiff parents seek recovery of monies they have rendered and will continue to render in providing "supportive care and attention to [their daughter], resulting from her condition." (Revised Complaint, dated March 13, 2000, Count Four, ¶ 41, p. 21.) The defendants make two arguments as to why count four is CT Page 2373 legally insufficient. One argument is that there is no common law or statutory cause of action that gives parents the right to recover for supportive care and attention that they render to an alleged negligently injured child. The defendants contend that because there is no legally recognized cause of action for medical providers to assert against tortfeasors for recovery of medical service costs, therefore, parents cannot recover for rendering care and attention to their child. Their second argument is that the rendering of care and attention to an injured child is actually a loss of filial consortium claim, similar to the rendering of care and attention to an injured spouse, which is not a separate and distinct cause of action, but a loss of spousal consortium claim. Therefore, the defendants contend that count four should be stricken because this state does not recognize loss of filial consortium claims.
In reply to the defendants' first argument, the Mercedes contend that they, like parents who are reimbursed for hiring medical personnel to care for an injured child, should be compensated for foregoing work opportunities and employment earnings to render care to their injured child. With respect to the defendants' second argument, the Mercedes assert that the defendants have mischaracterized count four as a loss of filial consortium claim. Rather, the Mercedes contend that count four is a claim for recovery of valuable services they rendered in providing care for their injured child for which they are entitled to reimbursement from the defendants.
In reviewing the allegations contained in count four, this court finds that the Mercedes, in essence, pleaded a loss of filial consortium claim. While alleging that they are seeking recovery for expenses they have incurred in rendering "supportive care and attention" to their daughter as a result of her condition, which is part of a familial relationship, the Mercedes avoid describing their count for as a filial consortium claim. "As Shakespeare once put it: `What's in a name? That which we call a rose. By any other name would smell as sweet.' Romeo and Juliet, II:2." Safford v. Pitney Bowes, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 046452 (April 25, 1995, Comerford, J.). "The necessity of rendering care and attention to an injured spouse, as well as the mental and emotional anguish caused by seeing a spouse's suffering, are recognized components of a claim for loss of consortium." Russo v. Brock's Hospitality Group, Inc., Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 149519 (February 28, 1997, Lewis, J.). This court hereby strikes count four of the revised complaint for the reasons explained below pertaining to this court's discussion on count five.
The defendants move to strike count five on the ground that it is CT Page 2374 legally insufficient as a matter of law. In count five, the plaintiff parents seek recovery for having been "deprived of services of their daughter. . . ." (Revised Complaint, dated March 13, 2000, Count Five, ¶ 41, p. 21.) The defendants argue that count five should be stricken as a matter of law because Connecticut does not recognize claims for loss of filial consortium. The defendants rely on the case of Mendillo v.Board of Education, 246 Conn. 456, 485, 717 A.2d 1177 (1998), where the Supreme Court refuses to recognize a cause of action for loss of parental consortium, for the proposition that this court should for the same reasons reject a loss of filial consortium claim. In response, the Mercedes contend that Connecticut does recognize a claim for the loss of a child's services, which is distinct from a loss of filial consortium claim. They contend that this state's appellate courts have not yet given a definitive answer as to whether such a cause of action is to be recognized. The Mercedes rely on several decisions of the Superior Court that have upheld loss of filial consortium claims in cases where children have been negligently injured and refused to follow the dicta of Mendillov. Board of Education, supra, 246 Conn. 485.
This court hereby strikes count five on the ground that the Supreme Court in Mendillo v. Board of Education, supra, 246 Conn. 485, when refusing to recognize a cause of action for loss of parental consortium, reasoned that a child's sorrow over the loss of a parent's care and support is not different from a parent's sorrow over the loss of a child's affection and services, and because the majority of the decisions of the Superior Court grant motions to strike loss of filial consortium claims as a matter of law. The Mendillo court stated that "there is nothing in reason to differentiate the parent's loss of the joy and comfort of his child from that suffered by the child." Id., 485 n. 20. Although a parent's right to the love, care and comfort of his or her child is not of lesser importance than a spouse's right to the love, care and comfort of his or her spouse, this court must nonetheless follow highly persuasive precedent until this state's appellate authority rules otherwise. See Klein v. Stamford, 44 Conn. Sup. 121, 125, 669 A.2d 644
(1994).
 ("[E]xcept for the conjugal privilege, this court perceives little difference between benefits derived by a spouse from the marriage relationship and those inherent in the parent-minor child relationship. It is of no trivial significance that the United States Supreme Court has elevated the parent-child relationship to a status that warrants constitutional protection. Stanley v. Illinois, 405 U.S. 645, 653, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). Consistent with this principle, this court believes that a child's right to the love, society, care, companionship, aid, services, cooperation, comfort and guidance of the parent is no less worthy of civil redress than the panoply of benefits that are embraced by the concept of spousal loss of consortium. See, e.g., Hopson v. Saint Mary's Hospital, [176 Conn. 485, 496, 408 A.2d 260
CT Page 2375 (1979)] . . . This particular court's dalliance with that position notwithstanding, it must yield to the force of present law which, at this time, limits the tort of loss of consortium to the spousal relationship. This court is bound by that precedent unless and until it is modified by the appropriate authority.")
Id. (Citation omitted.) "Although there are some distinctions between a parent's claim and a child's claim for loss of consortium, even considering the sweeping language of the Court inMendillo, it seems most unlikely that a parent could have a loss of filial consortium while a child does not have a cause of action for loss of parental consortium." Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall,J.) (23 Conn.L.Rptr. 321).
In conclusion, this court hereby grants the defendants' motion to strike as to counts four and five on the grounds that they are legally insufficient as a matter of law and denies the motion as to count three.
KARAZIN, J.