MOTTOLESE, J.
 

 The defendants have moved to strike counts two through six and eight through eleven of the plaintiffs’ third amended complaint. Counts two through six of the prior complaint were stricken by this court on June 10, 1994.
 
 Klein
 
 v.
 
 Stamford,
 
 43 Conn. Sup. 441, 658 A.2d 986 (1994). Counts eight through eleven allege a loss of filial consortium on the part of each of the four children of Kathy Klein, the named plaintiff. The decision striking counts two through six held that the allegations of the complaint did not state a cause of action either for violation of rights under the due process clause of the fourteenth amendment to the United States constitution or article first, § 7, of the Connecticut constitution or for bystander emotional distress. Id., 454-56.
 

 In her revision of counts two and three, Klein has added the following italicized language to paragraph ten: “10. [Police officers] Manning and Grabinski had an affirmative duty to
 
 promptly,
 
 arrest and/or cause the arrest of Johnson [the perpetrator of an assault upon Klein]; investigate and/or cause an investigation of Johnson’s criminal activity; and safeguard and/or cause Klein’s safety to be safeguarded.
 
 Manning and Grabinski’s failure to perform these duties between February 11, 1992 and February 15, 1992 was so excessive a delay as to constitute a violation of said statute and police guidelines.”
 

 In counts four and five, Klein, in paragraph four, has substituted the word “prompt” for “appropriate” in describing the police officers’ failure to take action in response to her report of the perpetrator’s prior assault on her life. In count six, which alleges bystander emotional distress, Klein has added the claim that the bystander/daughter “had fear of injury to herself” and,
 
 *125
 
 as a result, “has . . . and may suffer in the future, extreme emotional distress.” The defendants claim that these changes are inconsequential and that this count still fails to state claims upon which relief can be granted.
 

 Regarding counts two through five, most of Klein’s memorandum in opposition reproduces the arguments advanced in opposition to the prior motion to strike, except that they now focus on the authorities upon which the court relied in its memorandum of decision. The court has considered this fresh approach but remains unpersuaded as to Klein’s point of view.
 

 Nevertheless, Klein has introduced a further notion, namely, that General Statutes § 46b-38b requires that once having been given the report by Klein, the police had a duty “promptly” to arrest Johnson, and that their excessive delay of four days in doing so violated the statute and the city’s guidelines. This allegation is based upon the court’s observation that “[t]here is no allegation in this complaint that the time lapse between February 11 and February 15 was so excessive as to constitute a violation of the statute.”
 
 Klein
 
 v.
 
 Stamford,
 
 supra, 43 Conn. Sup. 452. Suffice it to say that this statement was not intended as an invitation to Klein to include such an allegation in her revised complaint. It was designed merely to distinguish, a fortiori, the complaint from that which was involved in
 
 Due By Nelson
 
 v.
 
 Milwaukee County,
 
 903 F.2d 499 (7th Cir. 1990), where the plaintiff unsuccessfully alleged that the failure of the department of social services to investigate child abuse within twenty-four hours as required by a Wisconsin statute violated the plaintiffs due process rights. Indeed, in Connecticut there is nothing in either § 46b-38b or in the city’s police department guidelines that mandates a “prompt” arrest. In fact, both are entirely silent on the issue. Neither the knowledge by the police of Johnson’s past history nor the four day delay takes
 
 *126
 
 this case out of the general rule announced by the United States Supreme Court in
 
 DeShaney
 
 v.
 
 Winnebago County Social Services Dept.,
 
 489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989), nor do these allegations bring this case within the special relationship or increased vulnerability exceptions to the rule.
 
 Ying Jing Gan
 
 v.
 
 New York,
 
 996 F.2d 522 (2d Cir. 1993). The motion to strike counts two through five is granted.
 

 Regarding count six, one of Klein’s children, relying on
 
 Strazza
 
 v.
 
 McKittrick,
 
 146 Conn. 714, 156 A.2d 149 (1959), has alleged that the assault on her mother in her presence caused her fear of injury to herself, which caused her extreme emotional distress. While
 
 Strazza
 
 requires that the distress be such as would be an element of damage had a bodily injury been suffered; id., 718; it has long been held in this state that such subjective states as fright, anxiety and apprehension are compensable elements of the pain and suffering that ordinarily accompanies a physical injury.
 
 Hopson
 
 v.
 
 St. Mary’s Hospital,
 
 176 Conn. 485, 493, 408 A.2d 260 (1979). This court does not read
 
 Strazza
 
 to require that the bystander suffer actual physical harm. All that is needed is that the bystander suffer elements of damage such as she would have had had she suffered actual physical injury. The allegations of the sixth count now satisfy this requirement and so, the motion to strike this count is denied.
 

 Each of counts eight, nine, ten and eleven alleges a separate cause of action for loss of filial consortium against the defendants. Whether such a cause of action exists in Connecticut has been the subject of significant disagreement. The vast majority of the members of this court feel bound strictly by their interpretation of
 
 Mahoney
 
 v.
 
 Lensink,
 
 17 Conn. App. 130, 550 A.2d 1088 (1988), and
 
 Hopson
 
 v.
 
 St. Mary’s Hospital,
 
 supra, 176 Conn. 485. Both of these cases indicate that a loss of consortium claim is based upon and arises out of the civil
 
 *127
 
 contract of marriage and therefore does not extend to the parent-child relationship. A minority of this court, animated by the Appellate Court’s observation in
 
 Mahoney,
 
 that “no appellate court case has yet addressed squarely the issue of whether under any circumstances a cause of action lies for the loss of filial consortium”;
 
 Mahoney
 
 v.
 
 Lensink,
 
 supra, 141 n.7; holds that such a cause of action exists in Connecticut largely for public policy reasons. See, e.g.,
 
 Henderson
 
 v.
 
 Micciche,
 
 Superior Court, judicial district of Waterbury, Docket No. 0105625 (May 1, 1992) (6 Conn. L. Rptr. 317);
 
 Kizina
 
 v.
 
 Minier,
 
 Superior Court, judicial district of Waterbury, Docket No. 099375 (January 24, 1992) (5 Conn. L. Rptr. 481). Both opinions contain temptingly persuasive reasons for recognition of this cause of action. In fact, except for the conjugal privilege, this court perceives little difference between benefits derived by a spouse from the marriage relationship and those inherent in the parent-minor child relationship. It is of no trivial significance that the United States Supreme Court has elevated the parent-child relationship to a status that warrants constitutional protection.
 
 Stanley
 
 v.
 
 Illinois,
 
 405 U.S. 649, 653, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972). Consistent with this principle, this court believes that a child’s right to the love, society, care, companionship, aid, services, cooperation, comfort and guidance of the parent is no less worthy of civil redress than the panoply of benefits that are embraced by the concept of spousal loss of consortium. See, e.g.,
 
 Hopson
 
 v.
 
 St. Mary’s Hospital,
 
 supra, 494;
 
 Hitaffer v. Argonne, Co.,
 
 183 F.2d 811 (D.C. Cir. 1950). This particular court’s dalliance with that position notwithstanding, it must yield to the force of present law which, at this time, limits the tort of loss of consortium to the spousal relationship. This court is bound by that precedent unless and until it is modified by the appropriate authority. The motion to strike counts eight, nine, ten and eleven is granted.