[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a revised complaint dated September 15, 1999, alleging that on May 25, 1998, plaintiff Kelly Fisher purchased a McDonald's "Happy Meal" hamburger for her then six year old daughter, plaintiff Danielle Fisher. After Danielle Fisher began eating the hamburger, both she and her mother, Kelly Fisher, discovered CT Page 16702 drops of human blood on the hamburger roll. Kelly Fisher immediately reported this incident to the Windsor Locks Police Department and testing performed on the hamburger and roll by the State of Connecticut Department of Health confirmed that the hamburger contained drops of human blood.
Counts one through six of the revised complaint are based on the Connecticut products liability statute. Counts seven through twelve are based on common law negligence. Counts thirteen through eighteen sound in recklessness. Counts nineteen through twenty four are based on express and implied warranties under the Uniform Commercial Code. Lastly, counts twenty five through thirty are based on strict liability under the common law. On September 24, 1999, the defendants, McDonald's Corporation and Rhamby, Inc., filed a motion to strike certain counts and paragraphs.
 -I-
Defendants move to strike counts seven through thirty of the plaintiffs' revised complaint on the ground that the products liability statute is the exclusive remedy and all other allegations are legally insufficient. Counts one through six clearly state that this action is brought pursuant to the Connecticut Products Liability Act General Statutes § 52-572n
provides in pertinent part that: "A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r,
inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product." See also Elliot v. Sears. Roebuck Co., 229 Conn. 500,642 A.2d 709 (1994); Winslow v. Lewis-Shepard. Inc.,212 Conn. 462, 562 A.2d 517 (1989). The motion to strike counts seven through thirty is granted.
 -II-
The defendants move to strike paragraphs 11 of counts 1, 2, 5, 6, 13, 14, 17 and 18 and paragraphs 10 of counts 7, 8, 11, 12, 19, 20, 23, 24, 25, 26, 29, and 30 on the ground that the plaintiffs' allegations for emotional distress are legally insufficient. Since the motion to strike counts seven through thirty has been granted, the second issue we now consider is CT Page 16703 whether paragraphs 11 of counts 1, 2, 5 and 6, should be stricken.
Count one is brought by Kelly Fisher against Rhamby, Inc. (franchisee); count two by Kelly Fisher against McDonald's Corp. (franchiser); count five is brought by plaintiff Dean Fisher (father) against Rhamby, Inc.; and count six by Dean Fisher against McDonald's Corp., Paragraph 11 of each of these counts states "As a further result of the actions and conduct of the defendant as aforesaid, the plaintiff Kelly Fisher [Dean Fisher], has been caused to suffer and will likely continue to suffer tremendous and unnecessary mental anguish, and emotional distress and suffering, and she [he] has been caused to develop an undue fear and dread that her [his] daughter has or may in the future contract AIDS, or some other blood borne disease."
Whether these paragraphs purport to state separate causes of action for the parents' emotional distress or are simply claims for consequential damages in their role as parents of the child or purchasers of an alleged defective product, they are insufficient under either theory under the four prong test ofCoheassy v. Bachelor, 237 Conn. 31, 52 (1996) since Dean Kelly was not present when the child ingested the hamburger and there is no claim that the child suffered any "substantial injury" seeBarrett v. Danbury Hospital, 232 Conn. 242 (1985). Plaintiff invokes Montineri v. SNET Co., 175 Conn. 337 (1978), but that decision which permits a claim of emotional damages even in the absence of physical injury does not help the plaintiff Dean Kelly in this action; nor does Shiels v. Audette, 119 Conn. 75 (1934) which permits a parent to sue for out of pocket damages or loss of services suffered by him resulting from an injury to child. Viewing the complaint in the light most favorable to the plaintiff, it is possible that the fear and distress experienced by the plaintiff mother is reasonable given the fact that she allegedly observed her daughter consume a "Happy Meal" hamburger containing drops of human blood. Moreover, it is foreseeable that selling a "Happy Meal" hamburger containing human blood would create an unreasonable risk of causing distress to the parent purchasing the hamburger since it is unlikely that a small child would be able to purchase a hamburger without parental assistance and this distress might result in illness or bodily harm.
Motion to strike paragraphs 11 of counts 1 and 2 is denied. Motion to Strike paragraphs 11 of Counts 5 and 6 is granted. CT Page 16704
 -III-
Defendant moves to strike paragraph 12 of various counts but since the motion to strike counts seven through thirty has been granted, the remaining issue is whether to strike paragraphs 12 of counts 1, 2, 5 and 6, on the grounds that the plaintiffs' allegations for filial loss of consortium are legally insufficient
Paragraph 12 of each of these counts states "As a further result of the actions and conduct of the defendant as aforesaid, the plaintiff, Kelly Fisher [Dean Fisher], has been forced and required to be always vigilant to prevent her [his] daughter from sharing food, cups or silverware with her younger brother and others, and she [he] has suffered and will likely continue to suffer a significant loss of life's enjoyment." Connecticut limits loss of consortium causes of action to claims brought by a spouse. See Hopson v. St. Mary's Hospital, 176 Conn. 485,408 A.2d 260 (1979). See also Mendillo v. Board of Education of theTown of East Haddam, 246 Conn. 456, 717 A.2d 1177 (1998) (court declined to recognize a loss of parental consortium cause of action); Klein v. City of Stamford, 44 Conn. Sup. 121,669 A.2d 644 (1994) (court granted the motion to dismiss loss of filial consortium causes of action because there is no authority to extend loss of consortium beyond the spousal relationship).
The motion to strike paragraphs 12 of counts 1, 2, 5 and 6, is granted.
Jerry Wagner Judge Trial Referee