[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Maria Varone, a defendant in this case, has filed motion #139 to strike the following: (1) count seven of the plaintiffs' amended complaint sounding in negligence, on the ground that the defendant's conduct was not the proximate cause of the plaintiffs' injuries; (2) paragraph 11, subsection a. 1, on the ground that it alleges a cause of action for loss of filial consortium, a claim not recognized in Connecticut; and (3) paragraph 11, subsection b. 1, on the ground that it alleges a cause of action for parental consortium, a claim also not recognized in this state.
The plaintiffs, Saba Fabriz, a minor, by her mother and next friend, Leyla Mirjavadi, and Leyla Mirjavadi, individually, brought this action against the defendants, Anthony Vakilzadeh, Maria Varone, Barbara Green, and Green Gross, P.C. The plaintiffs seek damages for injuries allegedly sustained when the minor plaintiffs father removed his daughter from a supervised visit and brought her to his home in Iran.
The plaintiffs allege in the seventh and eighth counts of their amended complaint that pursuant to a court order and an agreement between the plaintiff mother and her ex-husband, visitation between the plaintiff daughter and her father was to be supervised. The plaintiffs further allege that Maria Varone was the supervising attorney hired by the plaintiffs to oversee the supervised visitation of the plaintiff daughter and her father. They also contend that she was selected "because of her unique skills and experience as [a] . . . family relations attorney who could therefore protect the interests of the [p]laintiffs, especially the [p]laintiff [d]aughter, and ensure [that] the terms of the visitation agreement would be complied with."
The plaintiffs allege that during a visit between the plaintiff daughter and her father, which was supervised by the defendant Varone, CT Page 14204 the father removed the plaintiff daughter from the visitation site and transported her to Iran. In the seventh count of the complaint, the plaintiffs allege that "[s]aid occurrence was due to the negligence and carelessness of the [d]efendant [s]upervising [a]ttorney." In the eighth count, the plaintiffs allege that the defendant supervising attorney breached her fiduciary duties to the plaintiffs.
The defendant, supervising attorney Varone (Varone), filed a motion to strike[1] the seventh count of the plaintiffs' amended complaint sounding in negligence. Varone also moves to strike paragraph 11, subsections a. 1 and b. 1, incorporated by reference in the seventh and eighth counts of the plaintiffs' amended complaint.
"The proper method to challenge the legal sufficiency of a complaint is to make a motion to strike prior to trial." Gulack v. Gulack,30 Conn. App. 305, 309 620 A.2d 181 (1993). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded."RK Constructors, Inc. v. Fusco Corp., 231 Conn. 381, 383 n. 2, 650 A.2d 153
(1994); see also Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulknerv. United Technologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
"[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically. . . ." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University,252 Conn. 641, 667, 748 A.2d 834 (2000).
Varone moves to strike the seventh count of the plaintiffs' complaint, sounding in negligence, on the ground that her conduct was not the proximate cause of the plaintiffs' alleged injuries. "The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors,Inc. v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "A . . . causal connection between the defendant's breach of duty and the resulting harm to the plaintiff are essential elements of a cause of CT Page 14205 action in negligence." Santopietro v. City of New Haven, 239 Conn. 207,225, 682 A.2d 106 (1996).
The Supreme Court has defined proximate cause as "[a]n actual cause that is a substantial factor in the resulting harm." (Brackets in original.) Stewart v. Federated Dept. Stores, Inc., 234 Conn. 597, 606,662 A.2d 753 (1995). "Proximate cause establishes a reasonable connection between an act or omission of a defendant and the harm suffered by a plaintiff." Id. "The question of proximate causation generally belongs to the trier of fact because causation is essentially a factual issue." Id., 611.
When viewing the complaint in the light most favorable to the plaintiffs, it is quite clear that the plaintiffs have indeed alleged the necessary elements of a cause of action in negligence. Count seven of the amended complaint alleges a connection between acts and omissions of Varone and the harm suffered by the plaintiffs. The plaintiffs allege that the plaintiff daughter's removal from the country "was due to the negligence and carelessness of [Varone] in one or more of the following ways: . . . [Varone] failed to properly supervise the visitation to prevent the [p]laintiff [d]aughter from being [removed from the supervised visit]. . . . [Varone] permitted the [plaintiff daughter's father] to be with the [p]laintiff [d]aughter unsupervised in direct violation of the agreement and court order she was hired to enforce." The plaintiffs also allege that "[as] a result of the conduct of [Varone], the [p]laintiffs have received and suffered . . . injuries which were caused by said occurrence."
Thus, the plaintiffs have sufficiently alleged a causal connection between a breach of duty by Varone and a resulting harm to the plaintiffs, and therefore, a sufficient cause of action sounding in negligence. See Santopietro v. City of New Haven, supra, 239 Conn. 225. Additionally, whether Varone's conduct was the proximate cause of the plaintiffs harm is a question of fact for the trier. Accordingly, the motion to strike the seventh count of the plaintiffs' amended complaint is denied.
Varone also moves to strike paragraph 11, subsections a. 1[2] and b. 1[3] of the seventh and eighth counts of the plaintiffs' amended complaint on the ground that Connecticut does not recognize causes of action for loss of filial consortium or loss of parental consortium. Furthermore, Varone argues that the allegations in these subsections of the amended complaint improperly set forth the same causes of action which were previously stricken by the court[4] by using other words to define "loss of filial consortium" and "loss of parental consortium." CT Page 14206
In opposition to Varone's motion to strike, the plaintiffs argue that the allegations contained in the disputed subsections of their amended complaint differ substantially from those that were stricken from their original complaint "in that they are not derivative claims but rather assertions of direct injury to the [plaintiffs] as a result of [Varone's] tortious conduct." The facts alleged in paragraph 11, subsections a. 1 and b. 1 of the plaintiffs' amended complaint, attempt to assert causes of action for loss of filial consortium and parental consortium, respectively, and therefore, are subject to the motion to strike. "It is, after all, the facts alleged which determine the cause of action, and not the nomenclature employed." Hartford Accident Indemnity Co. v.Chung, 37 Conn. Sup. 587, 595, 429 A.2d 158 (App.Sess. 1981).
The Supreme Court "first recognized a . . . claim for loss of spousal consortium in Hopson v. St. Mary's Hospital, 176 Conn. 485, 408 A.2d 260
(1979). Therein, [the Court] defined consortium as encompassing the services of the [injured spouse], the financial support of the [injured spouse], and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the constellation of companionship, dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted; internal quotation marks omitted.) Jacoby v. Brinckerhoff, 250 Conn. 86, 90-91, 735 A.2d 347
(1999). "[A]n action for loss of consortium, although independent in form, is derivative of the injured spouse's cause of action." Id., 91-92.
"[I]n the context of the relationship between parent and child, consortium refers to the loss of a parent's love, care, companionship and guidance." (Internal quotation marks omitted.) Mendillo v. Board ofEducation, 246 Conn. 456, 478, 717 A.2d 1177 (1998). The Supreme Court has declined to recognize a claim for loss of parental consortium by a minor child resulting from a serious injury to the child's parent. SeeMendillo v. Board of Education, supra, 246 Conn. 477-96. However, "[n]o appellate court case has yet addressed squarely the issue of whether, under any circumstances, a cause of action for the loss of filial consortium lies." Mahoney v. Lensink, 17 Conn. App. 130, 141 n. 7,55 A.2d 1088 (1988), rev'd on other grounds, 213 Conn. 548, 569 A.2d 518
(1990); Klein v. Stamford, 44 Conn. Sup. 121, 125, 669 A.2d 644 (1994).
In Mendillo v. Board of Education, the court noted that a cause of action for parental consortium is a form of third party liability because the "plaintiffs seek to recover from the defendants, not for tortious harms that the defendants inflicted directly on them, but for emotionalCT Page 14207harms they suffered as a result of the defendants' tortious conductcommitted against another with whom they have a close relationship, namely, their parent." (Emphasis added.) Mendillo v. Board of Education, supra, 246 Conn. 480. The Mendillo court rejected the claim, adhering to the general rule of limiting the tortfeasor's liability to the person directly harmed. Id., 484. Although there is a split of authority in the Superior Court as to whether Connecticut recognizes a cause of action for filial consortium,[5] the majority of decisions refuse to recognize the claim.[6] Superior Court decisions rejecting the cause of action have reasoned that Mendillo's holding addressing a child's right of action for loss of consortium should be extended to a parent's right to such relief: "Although there are some distinctions between a parent's claim and a child's claim for loss of consortium, even considering the sweeping language of the Court in Mendillo, it seems unlikely that a parent could have a loss of filial consortium while a child does not have a cause of action for loss of parental consortium. Blanchette v. Desper, Superior Court, judicial district of Waterbury, Docket No. 144050 (October 19, 1998, Shortall, J.)." Huhn v. Goldstone-Orly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 352421 (Feb. 10, 2000,Melville, J.). Moreover, "[t]his court has previously held that Connecticut does not recognize parent/child loss of consortium because [t]he right to consortium is said to arise out of the civil contract of marriage and as such, does not extend to the parent-child relationship."Patel v. Norwalk Hospital, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164457 (February 9, 2000,Lewis, J.).
The facts alleged in paragraph 11, subsections a. 1 and b. 1 of the plaintiffs' amended complaint, attempt to assert causes of action for loss of filial consortium, and parental consortium, respectively. The facts alleged in these subparagraphs are, in essence, derivative claims; they assert emotional harms suffered as a result of allegedly tortious conduct committed against another with whom each plaintiff has a close relationship, specifically, daughter and mother. Mendillo v. Board ofEducation, supra, 246 Conn. 480. Because no appellate authority exists to support a claim for loss of filial consortium, and because the majority of Superior Court decisions reject the claim, Varone's motion to strike is granted as to subsection a. 1, paragraph 11, of the seventh and eight counts of the amended complaint. Finally, because Connecticut does not recognize a cause of action for loss of parental consortium, id., 495-96, Varone's motion to strike is also granted as to subsection b. 1, paragraph 11, of the seventh and eight counts of the amended complaint.
So Ordered.
Dated at Stamford, Connecticut this 13th day of November, 2000. CT Page 14208
WILLIAM BURKE LEWIS, JUDGE T.R.