GALT BOOTH ET AL. *v.* ROBERT C. FLANAGAN, ADMINISTRATOR (ESTATE OF CAROL A. SCHROFF), ET AL.
(7580)

BORDEN, DALY and FOTI, Js.

Argued June 15—decision released August 22, 1989

*Bruce L. Elstein,* with whom, on the brief, was *Henry Elstein,* for the appellants (plaintiffs).

*Roger J. Frechette,* with whom, on the brief, was *Matthew E. Frechette,* for the appellee (named defendant).

*Roger Sullivan,* for the appellees (defendants Stephen W. Yardan and Gary W. Flesche).

PER CURIAM. This is a suit based on a contract to purchase real estate from an estate, entered into between the plaintiffs and one of the defendants, the former administrator of the estate. Subsequent to the contract, the decedent's will was admitted to probate. The other defendants are various executors and successor executors of the estate. The suit is in five counts: one count for specific performance of a contract; two counts claiming damages for an alleged breach of a duty of the defendants to submit the contract to the Probate Court for approval; one count for damages based on promissory estoppel; and one count for an injunction to require the defendants to submit the contract to the Probate Court for approval. The defendants had raised numerous special defenses, among them that the court lacked subject matter jurisdiction based on General Statutes § 47-33a.[1] The trial court, *Berdon, J.,* had earlier denied the defendants' motion to dismiss for lack of subject matter jurisdiction.

---

[1] "[General Statutes] Sec. 47-33a. ACTION ON AGREEMENT TO SELL REAL ESTATE. (a) No interest in real property existing under an executory agreement for the sale of real property or for the sale of an interest in real property or under an option to purchase real property shall survive longer than one year after the date provided in the agreement for the performance of it or, if the date is not so provided, longer than eighteen months after the date on which the agreement was executed, unless the interest is extended as provided herein or unless action is commenced within the period to enforce the agreement and notice of lis pendens is filed as directed by section 52-325.

"(b) The interest may be extended only by reexecution of the written agreement or by execution of a new written agreement, provided the agreement, whether reexecuted or newly executed, shall be recorded as directed by sections 47-10 and 47-17. The period provided by this section shall not

At the time of trial, the parties were before the court, *Clark, J.,* arguing the defendants' motion to strike from the jury docket and certain objections of the defendants to the plaintiffs' responses to discovery requests and requests for admission. Without notice to the parties, the court sua sponte found that a motion for summary judgment was "posed" by the defendants in the course of their oral arguments on the motions to strike the case from the jury docket. The court thereupon found that there was no genuine issue of fact regarding the defendants' special defense based on General Statutes § 47-33a, and that the defendants were therefore entitled to judgment as a matter of law. The court dismissed the case for lack of subject matter jurisdiction based on General Statutes § 47-33a. This appeal followed.

The court erred in rendering a summary judgment based on what it considered to be an oral motion for summary judgment raised during the argument on the motion to strike from the jury docket. The court had no written motion, and no facts established before it by way of affidavits, depositions or other documentary proof. See Practice Book §§ 378 through 384. Furthermore, the proper way to challenge subject matter jurisdiction is by a motion to dismiss, rather than a motion for summary judgment. See Practice Book § 143.

We reject the defendants' argument that the court's judgment should be upheld nonetheless because the court lacked subject matter jurisdiction. With respect to the defendants' claim based on General Statutes

otherwise be extended, whether because of death, disability or absence from the state or for any other reason. Upon the expiration of an interest the title to property affected by the interest shall not thereafter be considered unmarketable because of the expired interest.

"(c) Nothing in this section shall be construed to limit or deny any legal or equitable rights a party may have under the agreement except the right to have the agreement specifically enforced."

§ 47-33a, that claim affected only the specific performance count. The plaintiffs' claims for damages and for an injunction do not fall within the provisions of General Statutes § 47-33a. See General Statutes § 47-33a (c), footnote 1, supra. Furthermore, there were no facts, either established of record or undisputed, to compel the trial court to conclude that it lacked subject matter jurisdiction over the claim for specific performance; see, e.g., *Brookfield* v. *Hutchins,* 126 Conn. 435, 440, 11 A.2d 853 (1940); *Hall* v. *Pierson,* 63 Conn. 332, 348, 28 A. 544 (1893); 1 W. Locke & P. Kohn, Connecticut Probate Practice § 73; and none of the cases cited by the defendants compel that conclusion. Furthermore, the plaintiffs argue that they are able to establish facts that will take the case out of the terms of the statute. That issue should have been litigated in a more orderly fashion than was afforded the plaintiffs here. See *Park City Hospital* v. *Commission on Hospitals & Health Care,* 210 Conn. 697, 703, 556 A.2d 602 (1989).

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.