[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiff is the administrator d.b.n. of the estate of Bernice DeMuro. He seeks to recover damages against the former administratrix, Mary Sharyn Yorio (hereinafter "Yorio"), for her breach of fiduciary duty, and Peerless Insurance Company (hereinafter "Peerless"), surety for Yorio under her Probate bond. Yorio was appointed on May 31, 1991 by the Southbury Probate Court as administratrix of the estate of Bernice DeMuro. In connection with that appointment, she obtained a surety bond from the defendant Peerless. Thereafter, because the defendant failed to file an inventory, return of claims and a succession tax return, she was removed by the Southbury Probate Court as administratrix, and the plaintiff was appointed as the substitute fiduciary.
The plaintiff has filed this motion for summary judgment, claiming that based on the defendant Yorio's removal as fiduciary and her admissions contained in the response to the request for admissions, dated February 3, 1994, there is no genuine issue of material fact that she breached her duties to the estate and the conditions of her surety bond.
It is true that if there are no genuine issues of material fact pursuant to Practice Book § 384, the plaintiff would be entitled to summary judgment. The court nonetheless must view the evidence in the light most favorable to the nonmoving party.Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 105-06,639 A.2d 507 (1994).
There is no question that the defendant Yorio breached her administrative duties, and failed to properly file the inventory, list of claims and succession tax return. The issue is whether this breach caused damage to the estate and/or its distributees. It is true that the defendant Yorio has admitted that the State of Connecticut made a claim against the estate, but she denies the date it was received, which brings into question that it was filed within the time limit to the filing of claims. Yorio denies that the estate was liable to the state of Connecticut, and she states that she was told that nothing was owed to the state when she telephoned the state in May of 1991. She admits making distribution to unsecured creditors and to herself. The question of fact to be determined by the court is whether these distributions were improper, and whether that caused damage to the estate. The determination of proximate cause is ordinarily a question of fact. Ferry v. PyramidCT Page 6006Construction Company, 186 Conn. 682. In addition, it is impossible for this court to determine whether there has been any damage to the estate since there has not been an inventory filed, and the court does not know what assets comprise this estate. Further, since the plaintiff has moved for summary judgment on both counts of the complaint, the plaintiff must submit evidence as to the bond, its breach and damages resulting therefrom.
The defendant in its brief, questions the court's subject matter jurisdiction. The court is cognizant that the claim of lack of subject matter jurisdiction can be made at any time during the proceedings. Gurliacci v. Mayer, 218 Conn. 531,544-45, 490 A.2d 509 (1991). However, it must be properly raised by a motion to dismiss. Booth v. Flanagan, 19 Conn. App. 413, 415. The court will not consider the defendant's attack on the court's jurisdiction which has been raised by the defendant in its responding brief to the plaintiff's motion for summary judgment. There is little doubt that this court does have jurisdiction in connection with claims against fiduciaries and their surety bond. Prindle v. Holcomb, 45 Conn. 111, 120-22
(1877).
The plaintiff's motion for summary judgment is denied.
/s/ Pellegrino, J. PELLEGRINO