[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
CT Page 11819
On October 9, 1998, the minor plaintiff, Taylor LaChance, through his mother and guardian, Debra LaChance, filed a four-count complaint against the defendants, the Waterbury board of education, Mary Ann Daukas, the supervisor of special education at Wilby Preschool (Wilby), and Susan Normandin, a teacher at Wilby.
On February 16, 1999, the court, Holzberg, J., granted the plaintiffs motion to cite in the city of Waterbury as a party defendant.
On March 2, 1999, the plaintiff filed a ten-count amended complaint. Counts one, three, five and nine allege negligence against the board of education, Susan Normandin, Mary Ann Daukas and the city of Waterbury, respectively. Count two alleges indemnification from the city of Waterbury for the negligence of the board of education pursuant to General Statutes § 10-235. Counts four, six and eight allege indemnification from the city of Waterbury pursuant to General Statutes § 7-465. Counts seven and ten allege nuisance pursuant to General Statutes § 52-577n (c).
On July 9, 1999, the defendants filed a motion to strike the plaintiffs amended complaint, arguing that all ten counts fail to state a claim upon which relief may be granted. On February 29, 2000, the court, Doherty,J., granted the motion to strike as to counts two, seven, eight, nine and ten and denied the motion to strike as to counts one, three, four, five and six.
On June 6, 2000, the defendants filed a motion for summary judgment, along with a supporting memorandum of law, on the ground that there are no genuine issues of material fact as to counts one, three, four, five and six, and that they are entitled to judgment as a matter of law. On July 18, 2000, the plaintiff filed an objection to the defendants' motion for summary judgment, along with supporting documentation, arguing the existence of genuine issues of material fact.
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine CT Page 11820 issue [of] material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193,201, 746 A.2d 730 (2000).
In their motion for summary judgment, the defendants argue that they are entitled to judgment as a matter of law because Debra LaChance, as the mother of Taylor, lacks standing to maintain a cause of action in negligence or indemnification on behalf of Taylor. Specifically, the defendants argue that the named plaintiff in this case is "Debra Lynn LaChance PPA Taylor LaChance," thus making Debra LaChance the actual plaintiff instead of Taylor. In support of their argument that the named plaintiff should read "Taylor LaChance PPA Debra Lynn LaChance," instead of the other way around, the defendants cite to Botelho v. Curtis,28 Conn. Sup. 493, 267 A.2d 675 (1970), Seabrook v. Greater BridgeportTransit, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 328366 (April 9, 1998, Skolnick, J.) (21 Conn. L. Rptr. 657), and Guglielmo v. Caldor, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 043816 (March 9, 1995, Skolnick,J.). In opposition, the plaintiff distinguishes the three cases cited by the defendants and argues that the summons and complaint clearly labels Taylor as the plaintiff and mentions Debra solely as PPA, or "per proxima amici."[1]
"The issue of standing implicates this court's subject matter jurisdiction." Fish Unlimited v. Northeast Utilities Service Co.,254 Conn. 1, 31, 755 A.2d 860 (2000). "[T]he proper way to challenge subject matter jurisdiction is by a motion to dismiss, rather than a motion for summary judgment." Booth v. Flanagan, 19 Conn. App. 413, 415,562 A.2d 592 (1989). However, "[o]nce the matter of lack of subject matter jurisdiction comes to the attention of the trial court.. the trial court can proceed no further until the issue is resolved." Ertel v.Carothers, 34 Conn. App. 18, 21, 639 A.2d 1055 (1994), citing Felletterv. Thompson, 133 Conn. 277, 280, 50 A.2d 81 (1946).
The dispositive issue here is whether the failure of Taylor LaChance to name himself as the plaintiff by his mother as next friend on the summons, effectively renders his mother as the actual plaintiff in this case instead of Taylor. Should this be the case, Debra, as the CT Page 11821 plaintiff; lacks standing to maintain a cause of action for negligence and indemnification on behalf of Taylor. "[T]he general rule is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented." (Internal quotation marks omitted.)Newman v. Newman, 235 Conn. 82, 95, 633 A.2d 980 (1995). "Under our common law an infant may sue either by next friend or by guardian, if one has been appointed." Lametta v. Connecticut Light Power Co.,139 Conn. 218, 220, 92 A.2d 731 (1952). "The next friend representing an infant plaintiff is in no sense a party to the action, nor has he any interest in the litigation, but the real party plaintiff in the suit is still the infant." 42 Am.Jur.2d, Infants § 161.
The defendants properly cite to Botelho v. Curtis, supra,28 Conn. Sup. 493, in support of their argument that the named party to this action should be the minor child through his mother. In Botelho, the court held that "`[t]he next friend of an infant plaintiff cannot maintain a suit in his own name, but the suit must be brought in the name of the infant. The process must run in the name of the infant by his next friend, and not in the name of the next friend acting for the infant.'" Id., 495-96, quoting 42 Am.Jur.2d, Infants § 162. Thus, for example, where the named plaintiff is the mother PPA the minor child, the mother is acting solely in her capacity as next friend and not in her capacity as the child's mother. See Seabrook v. Greater BridgeportTransit, supra, 21 Conn. L. Rptr. 657 ("[w]here the summons names as plaintiff the mother ppa the minor child, the infant child is not a party to the action").
In light of the foregoing, this court hereby denies the defendants' motion for summary judgment on the ground that the motion is an improper vehicle with which to challenge subject matter jurisdiction. Because it is evident, however, that the mother, Debra, is the actual plaintiff in this action and that she lacks standing to maintain a cause of action for negligence and indemnification on behalf of her minor son, Taylor, this court must dismiss the remaining counts one, three, four, five and sixsua sponte for lack of subject matter jurisdiction.
Joseph W. Doherty, Judge