******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## NATIONSTAR MORTGAGE, LLC *v.* CLIFFORD W. MOLLO
## (AC 39320)

Lavine, Keller and Harper, Js.

*Syllabus*

The plaintiff, which had been assigned a note secured by a mortgage on certain real property owned by the defendant, commenced this action to foreclose that mortgage. The plaintiff filed a motion for summary judgment claiming that there were no genuine issues as to any material fact alleged in its complaint, and appended documentation that purported to set forth a prima facie case for foreclosure. Three days prior to oral argument on the motion for summary judgment, the defendant filed an answer, special defenses and a counterclaim, as well as an objection to the motion for summary judgment, which was supported by documentation and affidavits attesting to certain alleged fraudulent misrepresentations. The trial court overruled the defendant's objection and granted the plaintiff's motion for summary judgment as to liability only. Thereafter, the trial court rendered judgment of strict foreclosure, from which the defendant appealed to this court. *Held* that the trial court lacked authority to render summary judgment as to liability in favor of the plaintiff with respect to the factual or legal viability of the defendant's special defenses, as the issues relating to the special defenses remained outside the scope of the plaintiff's motion for summary judgment: the plaintiff's motion for summary judgment, which had been filed before the defendant filed his answer, special defenses and counterclaim, did not address the factual or legal issues raised therein, the only ground the plaintiff had raised in favor of summary judgment was limited to the facts alleged in its foreclosure complaint, its memorandum of law in support of summary judgment and the documentation appended to it shed no light on the validity of the defendant's special defenses of fraud, unclean hands and equitable estoppel, and no argument or evidence had been presented refuting the factual allegations raised by the defendant's objection and supporting documentation, and for the plaintiff to have invoked the trial court's authority to render summary judgment as to liability in light of the special defenses raised by the defendant, it should have marked off the argument on the motion for summary judgment to enable it to file a new pleading that addressed the special defenses with an accompanying brief and competent evidence to establish their legal insufficiency or that no genuine issue of material fact existed; accordingly, the trial court acted in excess of its authority when it raised and considered, sua sponte, grounds for summary judgment not raised or briefed by the plaintiff, and because the trial court did not render a final judgment with respect to the defendant's counterclaim, this court lacked subject matter jurisdiction over and dismissed the portion of the appeal challenging the purported judgment on the counterclaim.

Argued January 11—officially released April 10, 2018

*Procedural History*

Action to foreclose a mortgage on certain of the defendant's real property, and for other relief, brought to the Superior Court in the judicial district of New Britain, where the defendant filed a counterclaim; thereafter, the court, *Dunnell, J.,* granted the plaintiff's motion for summary judgment as to liability only; subsequently, the court, *Abrams, J.,* granted the plaintiff's motion for a judgment of strict foreclosure and rendered judgment thereon, from which the defendant appealed to this court. *Reversed in part; appeal dismissed in part; further proceedings.*

*Ridgely W. Brown*, with whom, on the brief, was *Benjamin Gershberg*, for the appellant (defendant).

*Shawn M. Masterson*, for the appellee (plaintiff).

*Opinion*

KELLER, J. The defendant, Clifford W. Mollo, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, Nationstar Mortgage, LLC. The defendant sets forth five claims that may be distilled as follows: (1) the judgment of strict foreclosure was improper because the court lacked authority to render summary judgment as to liability on the note and mortgage, and (2) the trial court erroneously determined that his special defenses and counterclaim were legally insufficient and/or failed to establish any genuine issue of material fact. Specifically, the defendant's first claim is that procedurally, the court lacked authority to grant summary judgment because the plaintiff failed to file any motion or memorandum of law attacking the legal sufficiency of his special defenses or counterclaim and failed to submit any competent evidence to establish that there was no genuine issue of material fact with respect to the issues raised in them. With respect to the second claim, the defendant argues that the court's decision granting summary judgment as to liability in favor of the plaintiff was clearly erroneous in that he presented uncontroverted evidence that demonstrated that genuine issues of material fact exist with respect to his special defenses of unclean hands, fraudulent inducement and equitable estoppel, and his counterclaim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. In addition, the defendant claims that the plaintiff failed to demonstrate that any defect in pleading his unclean hands defense and the CUTPA counterclaim could not be cured by repleading. We agree with the defendant that the court lacked authority to grant the motion for summary judgment as to liability because the plaintiff failed to file any motion or memorandum of law attacking the legal sufficiency of the special defenses and failed to submit any competent evidence to establish that there was no genuine issue of material fact with respect to the issues raised in them. Accordingly, we reverse the judgment rendered by the trial court on the plaintiff's complaint.[1] In light of our conclusion that the court did not render a final judgment with respect to the defendant's counterclaim, we dismiss the portion of the appeal challenging the purported judgment on the counterclaim for lack of subject matter jurisdiction.[2] See General Statutes § 52-263; Practice Book § 61-4; *State* v. *Curcio*, 191 Conn. 27, 30, 463 A.2d 566 (1983).

The following facts and procedural history are relevant to our analysis. On June 26, 2007, the defendant executed a promissory note, entitled "Adjustable Rate Note," in favor of First National Bank of Arizona (FNB Arizona) in the original principal amount of $261,000. To secure his obligations under the note, the defendant granted a mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for FNB Arizona in his real

property known as 109 Lyon Road in Burlington. The mortgage was assigned by an assignment of mortgage to the plaintiff on February 15, 2013. This assignment of the mortgage was recorded on March 11, 2013, in Volume 321 at page 656 of the town of Burlington land records. The plaintiff claims that, on or about October 1, 2012, the defendant defaulted on his payment obligations under the note. On April 22, 2013, the plaintiff initiated the present action to foreclose its mortgage and alleged that it was the owner of the note and mortgage executed by the defendant on June 26, 2007, in favor of FNB Arizona.[3] The defendant filed a disclosure of defense on May 8, 2014, and a motion to strike on July 16, 2014.[4] In response to the motion to strike, on February 6, 2015, the plaintiff filed a request for leave to file an amended complaint and an amended complaint, to which the defendant did not object. See Practice Book § 10-60 (a) (3). On March 25, 2015, prior to the defendant's filing an answer to the amended complaint, the plaintiff filed its first motion for summary judgment, to which the defendant did not respond. On December 16, 2015, the plaintiff filed a second motion for summary judgment. On December 21, 2015, the defendant filed a request for an extension of time in which to respond to this motion.

In the operative motion for summary judgment and memorandum of law in support thereof, the plaintiff alleged that there were no genuine issues as to any material fact set forth in the *complaint*, as it is the current holder of the note and mortgage and the defendant is in default under the terms of the note and mortgage. Attached to the plaintiff's motion was the following documentation, which purported to set forth a prima facie case for foreclosure against the defendant: copies of the note, the mortgage and its adjustable rate rider, the assignment of the mortgage to the plaintiff, and an affidavit from Tina Marie Braune, a document execution specialist employed by the plaintiff who averred that the defendant remains in default of the terms and obligations of the mortgage.

On March 14, 2016, the plaintiff's motion for summary judgment appeared on the short calendar for argument. Three days prior to this short calendar, on March 11, 2016, the defendant filed an answer, special defenses and counterclaim and at the same time, an objection to the motion for summary judgment. The objection was untimely, as Practice Book (2016) § 17-45 then required that "[a]ny adverse party shall at least five days before the date the motion is to be considered on the short calendar file opposing affidavits and other available documentary evidence. Affidavits, and other documentary proof not already a part of the file, shall be filed and served as are pleadings."[5]

In his answer, the defendant denied that the plaintiff was entitled to any relief and further denied that the

plaintiff could satisfy its burden of proving that it was entitled to the equitable remedy of foreclosure. He also brought a counterclaim that alleged violations of CUTPA as a result of the use of a "bait and switch teaser note and option [adjustable rate mortgage] negative amortization loan designed to fail," a fraudulent assignment of the mortgage, "part of an ongoing fraudulent scheme of the plaintiff to 'robo-sign' mortgage loan documents," and illegal attempts by the plaintiff to exclude the defendant from possession of the premises by use of force. He claimed an entitlement to a set off against any debt that is claimed to be due by the plaintiff in the amount of any damages arising from his CUTPA counterclaim. In addition, the defendant pleaded three special defenses: unclean hands, fraudulent inducement and equitable estoppel.

In objecting to the motion for summary judgment, the defendant filed a comprehensive "memorandum of law in support of objection to motion for summary judgment" in which he argued that his special defenses and counterclaim were legally sufficient and that there remained genuine issues of material fact with respect to his claims. Attached to his memorandum, and relevant to this appeal, are the defendant's own affidavit attesting to misleading and fraudulent misrepresentations on the part of FNB Arizona at the time he signed the note and mortgage, a truth-in-lending disclosure statement that the defendant alleges failed to disclose the alternative payment schedules provided in the adjustable rate mortgage,[6] and the detailed affidavit of a purported expert, Randall Huinker, who opined that "[t]he facts and circumstances regarding this loan indicate that it meets the criteria for predatory lending outlined in an [Office of the Comptroller of the Currency] Advisory Letter."

When the short calendar hearing concerning the motion for summary judgment commenced, counsel for the defendant was not present. Counsel for the plaintiff objected to the court entertaining the defendant's objection to summary judgment because his written objection was not timely filed and he only had been able to glance at it before he left his office to come to court. In the alternative, the plaintiff argued that if the court were to consider the defendant's objection, the plaintiff should be allowed sufficient time to amend its motion for summary judgment accordingly. The court, despite noting that the terms of the mortgage were "ridiculous" and "harsh," and further indicating it did not know whether the mortgage, alleged by the defendant to be predatory in nature, was illegal as a matter of law, overruled the objection and granted the motion for summary judgment as to liability only.

Later that day, while counsel for the plaintiff was still present, counsel for the defendant arrived and the court indicated that it would rehear argument. After hearing

further argument, mostly from the defendant, the court again overruled the defendant's objection and permitted its decision granting summary judgment in favor of the plaintiff to stand.[7] The court made only passing references to the defendant's special defenses and at no time during the hearing did it make any reference to the defendant's counterclaim. The court indicated that it did not "see anything wrong in the making of this note except that [the defendant] made a bad bargain."[8]

On June 6, 2016, the court, *Abrams*, *J.*, granted the plaintiff's motion for judgment of foreclosure and rendered a judgment of strict foreclosure. This appeal followed.[9]

We now address the defendant's claim that the court lacked authority to grant summary judgment[10] in light of the fact that, in its motion, the plaintiff did not argue that the defendant's special defenses were legally insufficient and/or argue that no genuine issues of material fact existed with respect to the special defenses,[11] such that the plaintiff was entitled to judgment as a matter of law as to liability.

As a preliminary matter, we set forth our standard of review and other relevant legal principles. Practice Book § 17-49 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." As an appellate court, "[w]e must decide whether the trial court erred in determining that there was no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . . A material fact is a fact which will make a difference in the result of the case. . . . [I]ssue-finding, rather than issue-determination, is the key to the procedure. . . . [T]he trial court does not sit as the trier of fact when ruling on a motion for summary judgment. . . . [Its] function is not to decide issues of material fact, but rather to determine whether any such issues exist." (Internal quotation marks omitted.) *Lathrop* v. *Malcolm Pirnie, Inc.*, 131 Conn. App. 204, 208, 25 A.3d 740 (2011).

"In any action . . . any party may move for a summary judgment as to any claim *or defense* as a matter of right at any time if no scheduling order exists and the case has not been assigned for trial." (Emphasis added.) Practice Book § 17-44.[12] "A memorandum of law briefly outlining the claims of law and authority pertinent thereto shall be filed and served by the movant with . . . motions for summary judgment." Practice Book § 11-10.

"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . Our review of the decision to grant a motion for summary judgment is plenary. . . . We therefore must decide whether the court's conclusions were legally and logically correct and find support in the record." (Internal quotation marks omitted.) *Mott* v. *Wal-Mart Stores East, LP*, 139 Conn. App. 618, 624–25, 57 A.3d 391 (2012).

"It is not enough for the moving party merely to assert the absence of any disputed factual issue; the moving party is required to bring forward . . . evidentiary facts, or substantial evidence outside the pleadings to show the absence of any material dispute. . . . The party opposing summary judgment must present a factual predicate for his argument to raise a genuine issue of fact. . . . Once raised, if it is not conclusively refuted by the moving party, a genuine issue of fact exists, and summary judgment is inappropriate." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Barasso* v. *Rear Still Hill Road, LLC*, 81 Conn. App. 798, 803, 842 A.2d 1134 (2004).

In an appropriate case, a party also may properly use a motion for summary judgment to challenge the legal sufficiency of a pleading if its legal insufficiency is clear on the face of the pleading and the adverse party is unable to cure the defect by repleading. See *Larobina* v. *McDonald*, 274 Conn. 394, 400–402, 876 A.2d 522 (2005). Seeking such a ruling by means of a motion for summary judgment is the equivalent of filing a motion to strike and assumes the truth of both the specific factual allegations and any facts fairly provable thereunder. Id., 401. The movant must establish that the defect cannot be cured by repleading, and it must be clear that the motion is being used to challenge the legal sufficiency of the pleading. See *American Progressive Life & Health Ins. Co. of New York* v. *Better Benefits, LLC*, 292 Conn. 111, 121, 971 A.2d 17 (2009). This court has concluded that *Larobina* and *American Progressive Life & Health Ins. Co. of New York* apply "when the motion for summary judgment challenges the sufficiency of a special defense." *GMAC Mortgage, LLC* v. *Ford*, 144 Conn. App. 165, 180, 73 A.3d 742 (2013).

In order to establish a prima facie case in a mortgage foreclosure action based on the allegations in the complaint in this case, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage, that the defendant has defaulted on the note and that any conditions precedent to foreclosure, as established by the note and mortgage, have been satisfied. See *Franklin Credit Management Corp.* v.

*Nicholas*, 73 Conn. App. 830, 838, 812 A.2d 51 (2002), cert. denied, 262 Conn. 937, 815 A.2d 136 (2003). Thus, the court may properly have granted summary judgment as to liability in this foreclosure action if the complaint and supporting affidavits had established an undisputed prima facie case and the defendant had failed to assert any legally sufficient special defense.

"Historically, defenses to a foreclosure action have been limited to payment, discharge, release or satisfaction . . . or, if there had never been a valid lien. . . . The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both. . . . Where the plaintiff's conduct is inequitable, a court may withhold foreclosure on equitable consideration and principles. . . . [O]ur courts have permitted several equitable defenses to a foreclosure action. [I]f the mortgagor is prevented by accident, mistake or fraud, from fulfilling a condition of the mortgage, foreclosure cannot be had . . . . Other equitable defenses that our Supreme Court has recognized in foreclosure actions include unconscionability . . . abandonment of security . . . and usury." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 705–706, 807 A.2d 968, cert. denied, 262 Conn. 915, 811 A.2d 1291 (2002). Recently, in *Bank of America, N.A.* v. *Aubut*, 167 Conn. App. 347, 143 A.3d 638 (2016), this court concluded that although the defendants had entitled their special defense "predatory lending," they did not merely rely on a bald assertion that the original plaintiff had engaged in predatory lending practices, but had set forth their special defense allegations in sufficient detail as to legally invoke other, well recognized special defenses to a foreclosure action, including fraud, unconscionability, equitable estoppel and unclean hands.[13] Id., 378–81. In the present case, the defendant has pleaded recognized special defenses: fraud and misrepresentation, unclean hands and equitable estoppel.

"Whether a court has the power to exercise discretion at all is governed by the statutes and rules of practice. Because we are concerned with the interpretation of the rules of practice, which interpretation is controlled by the same rules of construction as statutes . . . we are dealing with a question of law rather than a question of the discretion of the court . . . . Accordingly, our review is plenary." (Citation omitted; internal quotation marks omitted.) *Wells Fargo Bank, N.A.* v. *Treglia*, 156 Conn. App. 1, 9, 111 A.3d 524 (2015).

The defendant argues that the trial court lacked authority to grant summary judgment as to liability because the plaintiff's motion did not address his spe-

cial defenses. As a result, the defendant argues, the plaintiff failed to meet its initial burden of submitting competent evidence to establish that there is not a genuine issue of material fact with respect to the issues raised in his special defenses, and further, failed to meet its burden of demonstrating that each of his special defenses does not state a legally cognizable defense that cannot be cured by repleading.

The plaintiff's motion for summary judgment addressed only the issues raised in its foreclosure complaint. Counsel for the plaintiff understood that the plaintiff needed to file a pleading in response to the defendant's objection if the court was going to entertain it, such as an amendment to its motion for summary judgment or other pleading to address the merits or legal sufficiency of the defendant's newly-posed special defenses. In the absence of counsel for the defendant, however, when the court appeared disinclined to continue the matter[14] and indicated it preferred to consider the motion and the defendant's untimely objection to it, the plaintiff acquiesced and made no further effort to make the court aware of the risk of proceeding in the face of such procedural irregularity.[15]

In the present case, the court lacked authority to render summary judgment as to liability in favor of the plaintiff with respect to the factual or legal viability of the defendant's special defenses because the issues relating to the special defenses remained outside the scope of the plaintiff's motion for summary judgment. The plaintiff's motion had been filed before the defendant filed his answer, special defenses and counterclaim and therefore, it did not address the factual or legal issues raised therein. The only ground the plaintiff had raised in favor of summary judgment was limited to the facts alleged in its foreclosure complaint. As our Supreme Court has explained: "[T]he court's function is generally limited to adjudicating the issues *raised by the parties* on the proof they have presented and applying appropriate procedural sanctions on motion of a party. . . . F. James, G. Hazard & J. Leubsdorf, Civil Procedure (5th Ed. 2001) § 1.2, p. 4. The parties may, under our rules of practice, challenge the legal sufficiency of a claim at two points prior to the commencement of trial. First, a party may challenge the legal sufficiency of an adverse party's claim by filing a motion to strike. Practice Book § 10-39. Second, a party may move for summary judgment and request the trial court to render judgment in its favor if there is no genuine issue of fact and the moving party is entitled to judgment as a matter of law. Practice Book §§ 17-44 [and] 17-49. In both instances, the rules of practice require a party to file a written motion to trigger the trial court's determination of a dispositive question of law. The rules of practice do not provide the trial court with authority to determine dispositive questions of law in the absence of such a motion." (Emphasis in original;

internal quotation marks omitted.) *Vertex, Inc.* v. *Waterbury*, 278 Conn. 557, 564–65, 898 A.2d 178 (2006); see also *Greene* v. *Keating*, 156 Conn. App. 854, 860–61, 115 A.3d 512 (2015) (court erred in rendering summary judgment on ground not claimed or briefed by parties' cross motions for summary judgment). We will not countenance a summary judgment procedure that only requires a party in its written pleading to address some, but not all, of the issues whose resolution is necessary to resolve a particular claim. Such a practice is a disservice to all parties and the court. When a rule of practice requires a written motion, a memorandum of law and supporting documentation, it is because the issue to be decided is of considerable importance. In the case of summary judgment, which results in a swift, concise end to often complex litigation without benefit of a full trial, the parties and the court need to be as well informed as possible on the applicable law and facts.

In the present case, as a result of the defendant's last minute filing, the plaintiff understandably had not yet raised any grounds for summary judgment related to the defendant's special defenses. Its memorandum of law in support of summary judgment and the documentation appended to it shed no light on their validity, as no argument or even a scintilla of evidence had been presented refuting the factual allegations raised by the defendant's objection and supporting documentation.[16] "A court may not grant summary judgment sua sponte. . . . The issue first must be raised by the motion of a party and supported by affidavits, documents or other forms of proof." (Citations omitted.) *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 299, 600 A.2d 1040 (1991); see also *Booth* v. *Flanagan*, 19 Conn. App. 413, 415, 562 A.2d 592 (1989). The only way for the plaintiff to properly have invoked the court's authority to render a summary judgment as to liability in light of the special defenses raised by the defendant was to proceed in the manner it first suggested to the court: to mark off the argument on the motion for summary judgment to enable it to file a new pleading addressing the special defenses with an accompanying brief and/or competent evidence sufficient to establish their legal insufficiency or that no genuine issue of material fact exists.

Accordingly, we conclude, on the basis of the facts of this case, that the court acted in excess of its authority when it raised and considered, sua sponte, grounds for summary judgment not raised or briefed by the plaintiff. Moreover, as set forth previously, the trial court did not render judgment with respect to the defendant's counterclaim and this court does not have subject matter jurisdiction over that portion of his appeal. See footnote 2 of this opinion.

The portion of the appeal in which the defendant challenges the court's granting of the motion for sum-

mary judgment as to his counterclaim is dismissed; the judgment of strict foreclosure is reversed and the case is remanded for further proceedings according to law.

   In this opinion the other judges concurred.

[1] Because our resolution of the defendant's first claim is dispositive, we do not reach the merits of his other claims.

[2] Both parties on appeal argue whether the court erred in rendering summary judgment on the defendant's counterclaim. Our review of the record, however, reveals that no judgment was entered on the defendant's counterclaim. Accordingly, we only address the propriety of the court's granting summary judgment as to liability on the complaint and special defenses. We note that if the court had rendered summary judgment on the counterclaim, we would conclude it lacked authority to do so as no motion for summary judgment on the counterclaim had been filed by either party. See *Miller* v. *Bourgoin*, 28 Conn. App. 491, 499–500, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992); *Cummings & Lockwood* v. *Gray*, 26 Conn. App. 293, 299–300, 600 A.2d 1040 (1991). "The lack of final judgment is a threshold question that implicates the subject matter jurisdiction of this court. . . . If there is no final judgment, we cannot reach the merits of an appeal." (Internal quotation marks omitted.) *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 799, 124 A.3d 920 (2015).

[3] This appeal raises no challenges as to the plaintiff's standing to bring the foreclosure action. Although the defendant, in his counterclaim, alleged that the assignment of the mortgage to the plaintiff was fraudulent, during the hearing on the plaintiff's motion for summary judgment and his objection thereto, at the suggestion of the court, he agreed to narrow his objection to defenses involving the making, validity and enforcement of the note and mortgage.

[4] In his disclosure of defense, the defendant indicated that defenses would be made, "on the basis of the plaintiff's lack of standing and the lender being involved in equity skimming and predatory lending." The defendant also reserved the right to present additional defenses should such defenses be discovered at a future date. Subsequent to the plaintiff's filing of its amended complaint in February 2015, at no time prior to the filing of the defendant's answer, special defenses and counterclaim on March 11, 2016, did the plaintiff move for default against the defendant for failure to plead in response to its amended complaint. See Practice Book § 17-32.

[5] Under the current rule of practice, the moving party shall not claim a motion for summary judgment to the short calendar fewer than forty-five days after the filing of the motion and the adverse party has forty-five days to file and serve a response. See Practice Book § 17-45 (b) and (c), amended June 24, 2016, to take effect January 1, 2017. Effectively, a nonmovant is now permitted to file an objection on the day before the short calendar argument, if argument is claimed for the forty-fifth day.

[6] Before this court, the defendant asserts that this document is the truth in lending disclosure statement provided to him at the time of the closing in issue, and that it shows the monthly payments over the life of the mortgage to be $1190 each, with no indication of variation. Before this court, the plaintiff asserts that this disclosure statement is unrelated to the note and mortgage at issue in the present case.

[7] The court never issued a written memorandum of decision further articulating its reasons for granting summary judgment and neither party has provided us with a signed transcript of the court's oral decision, upon which they both rely, as required by Practice Book § 64-1 (a). The defendant did not file a motion pursuant to Practice Book § 64-1 (b) providing notice that the court had not filed a signed transcript of its oral decision. Nor did the defendant take any additional steps to obtain a decision in compliance with Practice Book § 64-1 (a). In some cases in which the requirements of Practice Book § 64-1 (a) have not been followed, this court has declined to review the claims raised on appeal due to the lack of an adequate record. Our review of the dispositive issue in the present appeal is plenary. Moreover, despite the absence of a signed transcript of the court's oral decision or a written memorandum of decision, our ability to review the claims raised on appeal is not hampered because we are able to readily identify a sufficiently detailed and concise statement of the court's findings in the transcript of the proceedings. See *Medeiros* v. *Medeiros*, 175 Conn. App. 174, 177, n.1, 167 A.3d 967 (2017).

[8] This statement by the court appears to be an improper finding of fact, suggesting that, in the court's opinion, the defendant knew what he was

doing when he signed the note and mortgage, rather than the more proper finding that no genuine issue of material fact exists as to the validity, making or enforcement of the note. Viewed in the light most favorable to the defendant, his affidavit raised several areas in which factual determinations may control the outcome. "[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions. . . . It is only when the witnesses are present and subject to cross-examination that their credibility and the weight to be given to their testimony can be appraised." (Citations omitted; internal quotation marks omitted.) *United Oil Co.* v. *Urban Redevelopment Commission*, 158 Conn. 364, 376, 260 A.2d 596 (1969).

[9] As we noted previously, the judgment of strict foreclosure makes no reference to any judgment on the defendant's counterclaim.

[10] "[A] court may properly grant summary judgment as to liability in a foreclosure action if the complaint and supporting affidavits establish an undisputed prima facie case and the defendant fails to assert any legally sufficient special defense." (Internal quotation marks omitted.) *Wells Fargo Bank*, *N.A.* v. *Tarzia*, 150 Conn. App. 660, 667, 92 A.3d 983, cert. denied, 314 Conn. 905, 99 A.3d 635 (2014). The plaintiff can then proceed to judgment of foreclosure, which is a separate proceeding after liability has been determined on the note and mortgage. Id., 663–64.

[11] We disagree with the plaintiff's position that, despite the fact that its motion for motion for summary judgment did not address the defendant's special defenses, the court had the authority "to [decide] whether the defendant sufficiently [pleaded] his special defenses . . . and whether any deficiency could not be cured by repleading." See *GMAC Mortgage*, *LLC* v. *Ford*, 144 Conn. App. 165, 179–80, 73 A.3d 742 (2013), which we will discuss later in this opinion.

[12] Practice Book (2014) § 17-44 was amended in 2013 to provide that summary judgment is available for defenses, which rendered prior decisional law to the contrary moot. W. Horton et al., 1 Connecticut Practice Series: Connecticut Superior Court Civil Rules (2017–2018 Ed.) § 17-44, authors' comments, p. 829.

[13] The plaintiff, as an assignee of the mortgage who received "the full benefit of all the powers and of all the covenants and provisions contained in the mortgage," takes it subject to all defenses which might have been asserted against the assignor that go to the making, enforcement or validity of the note and mortgage. See *Bank of America*, *N.A.* v. *Aubut*, supra, 167 Conn. App. 370; see also *Hartford* v. *McKeever*, 139 Conn. App. 277, 286, 55 A.3d 787 (2012), aff'd, 314 Conn. 255, 101 A.3d 229 (2014).

[14] We by no means countenance the fact that the defendant, in derogation of the rules of practice, unfairly surprised the plaintiff by the late filing of his objection to summary judgment, but such conduct on the part of the defendant does not justify the court's consideration of the plaintiff's motion as having adequately raised and refuted the special defenses so as to justify granting summary judgment.

[15] The defendant, however, inartfully attempted to alert the court that there might be "technical pleading reasons" for denying summary judgment, citing to a case in which counsel for the defendant had prevailed for another client on appeal, *Wells Fargo Bank*, *N.A.* v. *Treglia*, supra, 156 Conn. App. 1. In that case, the defendant had prevailed by asserting the court's lack of authority to consider and grant a motion for summary judgment when the nonmoving party had moved to set aside a default. Id., 9. This court held that the trial court had improperly conflated a motion for summary judgment with a motion for judgment for the purposes of Practice Book (2014) § 17-32 (b). Id., 13.

[16] Faced with the lack of any opportunity to factually refute the defendant's allegations below with any competent evidence, plaintiff's counsel made unsubstantiated factual representations to the court, stating: "The only thing I would add is that the borrower is a savvy borrower. He is a CPA. He understood what he was getting into."